JEROME F. BIRN, JR., State Bar No. 128561
Email: jbirn@wsgr.com
GREGORY L. WATTS, State Bar No. 197126
Email: gwatts@wsgr.com
KATHERINE L. HENDERSON, State Bar No. 242676
Email: khenderson@wsgr.com
CRYSTAL M. GAUDETTE, State Bar No. 247712
Email: cgaudette@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
Occam Networks, Inc., Robert Howard-Anderson, Christopher B. Farrell, Howard Bailey, Steven M. Krausz and Robert B. Abbott

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OCCAM NETWORKS, INC., ROBERT L. HOWARD-ANDERSON, CHRISTOPHER B. FARRELL, HOWARD BAILEY, STEVEN M. KRAUSZ, ROBERT B. ABBOTT,<br><br>Defendants. | No. 2:07-cv-02750-CAS(SHx)<br>**(Consolidated)**<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or applicable state law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3. A party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript excluding such material, to be paid for by the party requesting preparation of such separate transcript. Additionally a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraphs 11- 13 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraphs 11-13 below, and counsel for all parties shall be responsible for marking all previously unmarked

copies of the designated material in their possession or control with the specified designation.

4. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification of the documents or discovery materials the party believes are "Confidential" within thirty (30) days after receiving such documents or discovery materials. A party may not designate documents produced by a non-party as "Confidential" unless said documents consist, contain or comprise the party's Confidential Information.

5. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purposes of this litigation. The Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b) employees of such counsel;

    c) individual defendants, class representative(s), lead plaintiff(s), or any officer or employee of a party, solely to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    d) consultants, investigators, outside vendors, or expert witnesses retained for the prosecution or defense of this litigation or members of the purported class, provided that each such person

|   |   |   |
|---|---|---|
| 1 | | shall execute a copy of the Certification annexed to this Order |
| 2 | | (which shall be retained by counsel to the party disclosing the |
| 3 | | Confidential Information to the consultant, expert witness or |
| 4 | | purported class member, and made available for inspection by |
| 5 | | opposing counsel during the pendency or after the termination of |
| 6 | | the action only upon good cause shown and upon order of the |
| 7 | | Court) before being shown or given any Confidential |
| 8 | | Information; |
| 9 | e) | any authors or recipients of the Confidential Information; |
| 10 | f) | the Court, Court personnel, and court reporters; and |
| 11 | g) | witnesses (other than persons described in paragraph 6(e)).  A |
| 12 | | witness shall sign the Certification before being shown a |
| 13 | | confidential document.  Confidential Information may be |
| 14 | | disclosed to a witness who will not sign the Certification only in |
| 15 | | a deposition at which the party who designated the Confidential |
| 16 | | Information is represented or has been given notice that |
| 17 | | Confidential Information produced by the party may be used.  At |
| 18 | | the request of any party, the portion of the deposition transcript |
| 19 | | involving the Confidential Information shall be designated |
| 20 | | "Confidential" pursuant to paragraph 3 above.  Witnesses shown |
| 21 | | Confidential Information shall not be allowed to retain copies. |

22   7. Any persons receiving Confidential Information shall not reveal or
23 discuss such information to or with any person who is not entitled to receive such
24 information, except as set forth herein.

25   8. Unless the Court requires some other method, for applications and
26 motions to the Court on which a party submits Confidential Information, all
27 documents and chamber copies containing Confidential Information which are
28 submitted to the Court shall be filed in traditional form with the Court (not

electronically) in sealed envelopes or other appropriate sealed containers pursuant to Local Rule 79-5.1. The party should insert under the case number of the title page, "Filed Under Seal Pursuant To Protective Order Dated _____." On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

9.  As to all documents and information filed under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate Confidential Information from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

10. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not "Confidential" and need not be preserved under seal.

11. If a party contends that any material is not entitled to confidential treatment, such party must give written notice to the party or non-party who designated the document or material as "Confidential." A party that elects to initiate a challenge to a confidentiality designation must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging

party must identify the documents for which it believes the confidentiality designation was not proper and explain the basis for its belief.  The designating party shall within seven calendar days review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation.  For purposes of paragraph 12, unless the challenging party and the designating party otherwise agree, the conclusion of the meet and confer process shall occur no later than 14 calendar days after the challenging party has identified the contested documents to the designating party.

12.   A party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the designating party, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the original designation.

13.   The burden of persuasion in any such "challenge proceeding" shall be on the designating party.  Notwithstanding any challenge to the designation of material as Confidential Information, all such documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or (b) the Court rules the material is not Confidential Information.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

14.   If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, and (c) inform the person or persons to

1  whom unauthorized disclosures were made of all the terms of this Order.  If material
2  is appropriately designated as "Confidential" after the material was initially
3  produced, the receiving party, on timely written notification of the designation, must
4  make reasonable efforts to assure that the documents or material is treated in
5  accordance with the provisions of this Order.

6       15. Nothing herein shall be deemed to waive any applicable privilege or
7  work product protection, or to affect the ability of a party to seek relief for the
8  inadvertent disclosure of documents or material protected by privilege or work
9  product doctrine pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil
10 Procedure and Rule 502 of the Federal Rules of Evidence.  A party claiming the
11 inadvertent disclosure of documents or materials protected by privilege or work
12 product doctrine must notify receiving parties in writing.

13      16. Upon receipt of this written notification, any receiving party must
14 promptly return, sequester, or destroy the specified documents or material and any
15 copies it has; must not use or disclose the information until the claim is resolved;
16 and must take reasonable steps to retrieve the information if the party disclosed it
17 before being notified.  The producing party must preserve the information at issue
18 until the claim is resolved.  Upon receipt of this written notification, a receiving
19 party must notify the claiming party in writing within fourteen (14) calendar days
20 that it intends to contest the claim.  The claiming party has seven (7) calendar days
21 to withdraw its claim following receipt of the receiving party's notice.  If the
22 claiming party does not withdraw its claim, the receiving party may then present the
23 documents or materials to the court under seal for a determination of the claim.
24 Unless otherwise agreed upon by the claiming and receiving parties, the receiving
25 party has fourteen (14) calendar days following expiration of the claiming party's
26 time to withdraw its claims to present the documents or materials to the court under
27 seal for a determination of the claim.  If the receiving party does not submit the
28

documents or materials with the court by the expiration of this fourteen (14) day period, the receiving party waives any right to challenge the claim.

17. Any non-party to this agreement from which or from whom discovery is sought has the same rights under this agreement as a party to this agreement.

18. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the party must so notify the designating party, in writing (by e-mail or fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

19. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents promptly after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents

1  within the time period. The decision to comply with either (a) or (b) above is at the

2  discretion of the receiving party.  The receiving party may also retain sufficient

3  documentation to comply with applicable ethics rules concerning the retention of

4  client files.

5

6  IT IS SO STIPULATED THROUGH COUNSEL OF RECORD

7  Dated:  March 10, 2009                    WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
8
                                              Jerome F. Birn, Jr.
9                                             Gregory L. Watts
                                              Katherine L. Henderson
10                                            Crystal Gaudette

11

12                                            By: /s/ Gregory L. Watts

13                                            Attorneys for Defendants
                                              Occam Networks, Inc., Bob
14                                            Howard-Anderson, Chris Farrell, Howard
                                              Bailey, Steven M. Krausz, and Robert B.
15                                            Abbott

16
   Dated:  March 10, 2009                     GIBSON, DUNN & CRUTCHER LLP
17                                            555 Mission Street, Suite 3000
                                              San Francisco, CA 94105
18
                                              Scott A. Fink
19

20
                                              By: /s/ Scott A. Fink (by permission)
21
                                              Attorney for Defendant
22                                            PricewaterhouseCoopers LLP

23
   Dated:  March 10, 2009                     GARRETT & TULLY, P.C.
24                                            225 South Lake Avenue, Suite 1400
                                              Pasadena, CA 91101
25
                                              Efren A. Compeán
26

27
                                              By: /s/ Efren A. Compeán (by permission)
28
                                              Attorney for Defendant
                                              Singer Lewak Greenbaum & Goldstein LLP

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  March 10, 2009 | COOLEY GODWARD KRONISH LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 |
| 3 | | |
| 4 | | Christopher Sundermeier<br>Sundeep Patel |
| 5 | | |
| 6 | | By:  /s/  Christopher Sundermeier<br>        (by permission) |
| 7 | | |
| 8 | | Attorney for Defendants<br>Norwest Venture Partners VIII L.P. and<br>NVP Entrepreneurs Fund VIII L.P. |
| 9 | | |
| 10 | | |
| 11 | Dated:  March 10, 2009 | HAYES DAVIS BONINO ELLINGSON<br>        McLAY & SCOTT<br>203 Redwood Shores Parkway, Suite 480<br>Redwood Shores, CA 94065 |
| 12 | | |
| 13 | | Stephen A. Scott |
| 14 | | |
| 15 | | By: /s/ Stephen A. Scott (by permission) |
| 16 | | Attorney for Defendants<br>USVP 5 Funds and USVP 7 Funds |
| 17 | | |
| 18 | Dated:  March 10, 2009 | MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105 |
| 19 | | |
| 20 | | Jordan Eth<br>Timothy W. Blakely |
| 21 | | |
| 22 | | By: /s/ Timothy W. Blakely (by permission) |
| 23 | | Attorney for Defendant<br>Thomas Weisel Partners LLC |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | / / / | |

| | |
|---|---|
| 1   Dated: March 10, 2009 | COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP |

Darren J. Robbins
Andrew Brown

By:  /s/ Andrew Brown (by permission)

Attorneys for Lead Plaintiff NECA-IBEW Pension Fund (The Decatur Plan)

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated:___3/13/2009_____          _____/s/_____
                                                          Hon. Stephen J. Hillman

# EXHIBIT A
## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Batwin v. Occam Networks, Inc. et al* (C.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will destroy the Confidential Information -- including copies, notes, or other transcriptions made therefrom – or return it to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order.

DATED: _____           _____
                                             Name