COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
ANDREW J. BROWN (160562)
MATTHEW I. ALPERT (238024)
ERIC I. NIEHAUS (239023)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
elleng@csgrr.com
andrewb@csgrr.com
malpert@csgrr.com
eniehaus@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>OCCAM NETWORKS, INC., et al.,<br><br>　　　　　　　　Defendants. | No. 2:07-cv-02750-CAS(SHx)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT<br><br>DATE:　　November 9, 2009<br>TIME:　　10:00 a.m.<br>COURTROOM:　The Honorable<br>　　　　　　　　Christina A. Snyder |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | SUMMARY OF SETTLEMENT | 3 |
| IV. | THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL | 3 |
| V. | THE CLASS SHOULD BE PROVISIONALLY CERTIFIED | 6 |
| | A. The Class Meets the Requirements of Rule 23(a) | 6 |
| | B. The Class Should Be Certified Under Rule 23(b)(3) | 7 |
| VI. | PROPOSED SCHEDULE OF EVENTS | 8 |
| VII. | CONCLUSION | 9 |

## I. INTRODUCTION

The Settling Parties have entered into a Stipulation of Settlement dated November 2, 2009 ("Stipulation")[1] that results in the resolution of all claims in this consolidated class action. The Lead Plaintiff submits this Memorandum in support of its unopposed motion for an order: (i) preliminarily approving the settlement; (ii) provisionally certifying a Class; (iii) scheduling a hearing to consider final approval of the settlement, Plan of Allocation of settlement proceeds, and Lead Counsel's application for attorneys' fees and expenses; and (iv) authorizing the form and manner of notice to be sent to the Class advising them of the matters described above and their rights with respect thereto.

For the reasons set forth herein, the Lead Plaintiff respectfully urges the Court to enter the proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), submitted herewith.

## II. FACTUAL BACKGROUND

On and after April 26, 2007, two class actions were filed against the Defendants asserting that they made false and misleading statements during defined periods of time.[2] The actions were consolidated by the Court. The Court also appointed NECA-IBEW Pension Fund (The Decatur Plan) as the lead plaintiff and approved its selection of lead counsel.

---

[1] Unless otherwise defined, all capitalized terms have the meaning ascribed to them in the Stipulation.

[2] The Defendants are Occam Networks, Inc., Robert Howard-Anderson, Christopher B. Farrell, Howard Bailey, Steven M. Krausz, Robert B. Abbott, PricewaterhouseCoopers LLP, Singer Lewak Greenbaum & Goldstein LLP, Thomas Weisel Partners LLC, USVP 5 Funds and USVP 7 Funds, Norwest Venture Partners, and Norwest Venture VIII L.P. and NVP Entrepreneurs Fund VIII L.P.

Occam represents that it develops, markets, and supports broadband access products designed to enable telecom service providers to offer bundled voice, video, and data services over both copper and fiber optic networks.

Lead Plaintiff's Consolidated Complaint for Violation of Federal Securities Laws (the "Complaint"), filed on November 16, 2007, alleges violations of §§11 and 15 of the Securities Act of 1933 and §§10(b), 20(a) and 20A of the Securities Exchange Act of 1934 on behalf of purchasers of Occam common stock between April 29, 2004 and October 15, 2007, inclusive. Lead Plaintiff alleged, among other things, that Occam's improper accounting practices caused the Company's revenues and earnings to be overstated, and that Class Members suffered harm when the Company announced, on October 16, 2007, that it was restating its financial results for the prior three years, and that it suffered from "internal control deficiencies" and "material weaknesses" concerning its revenue recognition and accounting. Upon these disclosures, Occam stock declined 32% in one day.

Each Defendant moved to dismiss the Complaint, and on July 1, 2008, the Court granted in part and denied in part the motions. On July 16, 2008, Lead Plaintiff filed an amended complaint to conform to the Court's order ("Amended Complaint"). Defendants answered the Amended Complaint on August 29, 2008, and following a scheduling conference with the Court, formal discovery commenced on December 1, 2008. Lead Plaintiff filed its motion for class certification on February 27, 2009.

The parties attended a mediation in November 2008, but were unable to resolve the litigation. On June 4, 2009, the parties attended a second mediation session before the Honorable William Cahill (Ret.), but, again, were unable to reach agreement, and litigation continued. On August 12, 2009, Lead Plaintiff and all Defendants except Singer Lewak reached an agreement to settle Lead Plaintiff's claims, and on October 15, 2009, Lead Plaintiff and Singer Lewak agreed to resolve Lead Plaintiff's claims.

## III. SUMMARY OF SETTLEMENT

As a result of the agreements reached between the parties, Defendants will cause the payment of $13,945,000 in cash to resolve the claims brought in this matter. The settlement consideration will be deposited into an escrow account within fourteen (14) calendar days from the date the Court enters the Preliminary Approval Order. Following final approval of the settlement by the Court, the Litigation will be dismissed with prejudice and all claims therein will be released pursuant to the terms of the Stipulation.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

At the Settlement Hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a determination as to whether the settlement is fair, reasonable, and adequate under all of the circumstances surrounding the Litigation. At this juncture, however, Lead Plaintiff requests the Court to grant preliminary approval of the settlement.

The procedure for review of a proposed class action settlement is well established:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Manual for Complex Litigation* §1.46, at 53-55 (West 1977). If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing.

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (footnote omitted).

To grant preliminary approval, the Court need only conclude that a settlement of the claims against the Defendants on the agreed upon terms is within the range of possible approval in order to preliminarily approve the settlement for the purposes of providing notice and holding a future fairness hearing. *Manual for Complex Litigation* §13.14, at 172-73 (4th ed. 2004).

Indeed, courts specifically have held that the granting of permission to send out a notice of settlement and hearing thereon,

> is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness.

*In re Traffic Executive Ass'n – E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (citing *Manual for Complex Litigation* §1.46, at 55 n.10 (West 1977)).

Lead Plaintiff submits that this Court can make such a determination of "probable cause." Given the complexities of this dispute and the uncertainties inherent in such complex litigation, the proposed settlement eliminates the risk that the Class might not otherwise recover.

While certainly premature at this point, reference to the factors considered by courts in granting final approval of class action settlements lends support to the Settling Parties' belief that the proposed settlement is within the range of possible approval. In *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), the Ninth Circuit set out the factors that the trial court should consider in assessing whether a proposed settlement is fair, reasonable, and adequate. Consideration of those factors supports preliminary approval of the settlement.

First, the proposed settlement is the product of arm's-length negotiations by counsel with significant experience in complex class action litigation. The resulting settlement is the product of significant give and take by both sides and was reached after participation in mediation with the Honorable William Cahill (Ret.).

1    Second, an evaluation of the benefits of settlement must be tempered by a
2 recognition that any compromise involves concessions on the part of the settling
3 parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of
4 absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624
5 (citation omitted). Lead Plaintiff submits that the proposed settlement reflects
6 concessions by the parties that are reasonable and fair, and that the settlement is in the
7 best interests of the Class. This case has been hard, but fairly, fought by both sides.
8 While Lead Plaintiff believes that it can produce evidence at trial that will establish
9 Defendants' liability, Defendants believe, with equal conviction, that they would
10 prevail should this case go to trial. Moreover, this case presents a number of complex
11 issues, and thus the risks and costs of further litigating the case through discovery,
12 summary judgment, trial, and appeal are significant. The proposed settlement
13 eliminates these risks and under all the circumstances provides an excellent recovery
14 for the Class. Lead Counsel estimate that the settlement represents about 10% of
15 maximum estimated recoverable damages if the Lead Plaintiff was to prevail on all
16 issues, and all current claims were upheld through trial and appeals.

17    Finally, significant weight should be attributed to the belief of experienced
18 counsel that settlement is in the best interest of the class. *Kirkorian v. Borelli*, 695 F.
19 Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to
20 considerable weight). Lead Counsel fully support the settlement and it is their
21 informed opinion that, given the uncertainty and substantial expense of pursuing this
22 matter through continued litigation, the settlement is fair, reasonable, and adequate
23 and in the best interests of the Class.

24    At this juncture, the Court need not answer the ultimate question: whether the
25 settlement is fair, reasonable, and adequate. The Court is being asked to permit notice
26 of the terms of the settlement to be sent to the Class and schedule a hearing, pursuant
27 to Federal Rule of Civil Procedure 23(e), to consider the fairness of the settlement,
28 Lead Counsel's request for an award of fees and expenses, and any expressed views

by Class Members on these issues. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). Lead Plaintiff recommends that the settlement be preliminarily approved and the Preliminary Approval Order entered.

## V. THE CLASS SHOULD BE PROVISIONALLY CERTIFIED

The preliminary approval process is also utilized to provisionally certify a class when a class has not been previously certified by the court. The parties seek certification, for settlement purposes only, of a class consisting of: (a) all persons or entities (and their beneficiaries) who purchased or otherwise acquired Occam common stock between April 29, 2004 and October 15, 2007, inclusive; and/or (b) all persons or entities (and their beneficiaries) who purchased during the Class Period Occam common stock in or traceable to Occam's November 2006 secondary public offering.

In the settlement context, class certification criteria are easily met because the class is unified by a common interest in a reasonable recovery. For the reasons explained below, there is no doubt that the Class meets all of the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and should be certified.

### A. The Class Meets the Requirements of Rule 23(a)

The Class easily meets the requirements of numerosity, commonality, typicality, and adequacy of representation required by Rule 23(a) of the Federal Rules of Civil Procedure.

First, it is undisputed that the Class consists of thousands of individuals who purchased or otherwise acquired Occam common stock during the Class Period. In addition, Occam sold 3.75 million shares of common stock in its November 2006 secondary offering. Lead Counsel estimate that there were approximately 16.7 million shares of Occam stock purchased or acquired and damaged during the Class Period.

1    Second, commonality is satisfied if there is one issue common to class
2 members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here,
3 common issues as to the Class include whether Defendants, through the conduct
4 complained of in the Litigation, violated the securities laws by making false and
5 misleading statements about the Company's revenues and future revenues.

6    Third, typicality is satisfied when the plaintiff's claims share a common element
7 with the class because they arise from the same course of conduct that gave rise to the
8 claims of other class members. *In re United Energy Corp. Solar Power Modules Tax*
9 *Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988). Here, the Lead
10 Plaintiff's claims are typical because it purchased Occam common stock during the
11 Class Period and was allegedly damaged thereby.

12    Finally, the claims of all Class Members have been fairly and adequately
13 protected because the Lead Plaintiff and its counsel have no disabling conflicts of
14 interest, and Lead Counsel are well qualified and have vigorously prosecuted and
15 settled this action on behalf of the Class. *Hanlon*, 150 F.3d at 1020-22.

16    **B.    The Class Should Be Certified Under Rule 23(b)(3)**

17    The parties seek certification of the Class under Rule 23(b)(3) of the Federal
18 Rules of Civil Procedure. Rule 23(b)(3) requires common questions of law or fact to
19 predominate over questions affecting individual class members and the class action to
20 be superior to other methods for efficient adjudication of the claims. The United
21 States Supreme Court noted that the predominance test is readily met in cases alleging
22 securities fraud. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231,
23 2251, 138 L. Ed. 2d 689, 713 (1997). Thus, class treatment is the appropriate method
24 of settling this controversy. Moreover, because the Court is certifying this action for
25 settlement purposes only, it need not determine whether the Class would be
26 manageable for litigation purposes. *Id.* at 620.

27
28

## VI. PROPOSED SCHEDULE OF EVENTS

The Settling Parties request permission to provide notice of the settlement to Class Members at this time. Lead Counsel suggest the following proposed schedule, assuming that preliminary approval of the settlement is granted within seven (7) calendar days of the November 9, 2009 hearing.

| | |
|---|---|
| Date by which the Notice is mailed to Class Members | December 8, 2009 |
| Date by which the Summary Notice must be published | December 15, 2009 |
| Date by which to file motions in support of the settlement, Plan of Allocation, and attorneys' fees and expenses | 21 calendar days prior to Settlement Hearing |
| Last day to request exclusion from the Class | 14 calendar days prior to Settlement Hearing |
| Last day for Class Members to object to the settlement | 14 calendar days prior to Settlement Hearing |
| Date by which reply briefs must be filed | 7 calendar days prior to Settlement Hearing |
| Settlement Hearing | On or after February 22, 2010 |
| Last day for Class Members to submit a proof of claim form | March 8, 2010 |

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members with respect to their rights concerning the settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

## VII. CONCLUSION

For all of the foregoing reasons, the Lead Plaintiff respectfully requests that the proposed settlement be preliminarily approved by the Court and the Preliminary Approval Order entered.

DATED: November 2, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ELLEN GUSIKOFF STEWART
ANDREW J. BROWN
MATTHEW I. ALPERT
ERIC I. NIEHAUS


            s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiff

S:\Settlement\Occam Networks.set\BRF PRELIM APPR 00062671.doc

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on November 2, 2009, I electronically filed the foregoing |
| 3 | with the Clerk of the Court using the CM/ECF system which will send notification of |
| 4 | such filing to the e-mail addresses denoted on the attached Electronic Mail Notice |
| 5 | List, and I hereby certify that I have mailed the foregoing document or paper via the |
| 6 | United States Postal Service to the non-CM/ECF participants indicated on the attached |
| 7 | Manual Notice List. |
| 8 | I certify under penalty of perjury under the laws of the United States of America |
| 9 | that the foregoing is true and correct. Executed on November 2, 2009. |

        s/ Ellen Gusikoff Stewart
        ELLEN GUSIKOFF STEWART

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        655 West Broadway, Suite 1900
        San Diego, CA 92101-3301
        Telephone: 619/231-1058
        619/231-7423 (fax)

        E-mail: elleng@csgrr.com

# Mailing Information for a Case 2:07-cv-02750-CAS-SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Sally Berens**
  sberens@gibsondunn.com,cvignati@gibsondunn.com

- **Philip T Besirof**
  pbesirof@mofo.com,vsmith@mofo.com

- **Jerome F Birn , Jr**
  jbirn@wsgr.com

- **Timothy W Blakely**
  tblakely@mofo.com,kbobovski@mofo.com

- **Lori S Brody**
  lbrody@kaplanfox.com,kweiland@kaplanfox.com

- **Andrew J Brown**
  andrewb@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Jeffrey P Campisi**
  jcampisi@kaplanfox.com

- **Efren A Compean**
  ecompean@garrett-tully.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Dorothy L Fernandez**
  dfernandez@mofo.com

- **Scott A Fink**
  sfink@gibsondunn.com,bhonniball@gibsondunn.com

- **Mark C Gardy**
  mgardy@gardylaw.com

- **Crystal Mothershead Gaudette**
  cgaudette@wsgr.com

11

- **Katherine L Henderson**
  khenderson@wsgr.com

- **Laurence D King**
  lking@kaplanfox.com,kweiland@kaplanfox.com

- **Tricia L McCormick**
  triciam@csgrr.com

- **Angela Mikels**
  adunning@cooley.com

- **Stephen A Scott**
  sscott@hayesscott.com,atorres@hayesscott.com

- **Joel B Strauss**
  jstrauss@kaplanfox.com

- **Christopher J Sundermeier**
  csundermeier@cooley.com,jmcintosh@cooley.com

- **Charles E Tillage**
  ctillage@hayesdavis.com,atorres@hayesscott.com

- **Stephen J Tully**
  stully@garrett-tully.com

- **Gregory Lewis Watts**
  gwatts@wsgr.com,lbeltran@wsgr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Frederic S Fox
Kaplan Fox & Kilsheimer
850 Third Avenue, 14th Floor
New York, NY 10022

Trang T Tran
Garrett & Tully P C
225 South Lake Avenue Suite 1400
Pasadena, CA 91101-4869
```

12

Manual List
*Batwin v. Occam Networks, Inc., et al.*
No. 2:07-cv-02750-CAS(SHx)

Patrick J. O'Hara
CAVANAGH & O'HARA
407 East Adams Street
Springfield, IL  62701

13