1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  DARREN J. ROBBINS (168593)
   ELLEN GUSIKOFF STEWART (144892)
3  ANDREW J. BROWN (160562)
   MATTHEW I. ALPERT (238024)
4  ERIC I. NIEHAUS (239023)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   darrenr@csgrr.com
7  elleng@csgrr.com
   andrewb@csgrr.com
8  malpert@csgrr.com
   eniehaus@csgrr.com
9
   Lead Counsel for Plaintiffs
10
   [Additional counsel appear on signature page.]
11
                   UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13
                        WESTERN DIVISION
14

15  LAURI S. BATWIN, On Behalf of      )  No. 2:07-cv-02750-CAS(SHx)
    Herself and All Others Similarly   )  **(Consolidated)**
16  Situated,                          )
                                       )  CLASS ACTION
17                      Plaintiff,     )
                                       )  STIPULATION OF SETTLEMENT
18       vs.                           )
                                       )
19  OCCAM NETWORKS, INC., et al.,      )
                                       )
20                      Defendants.    )
    _____)
21

22

23

24

25

26

27

28

1    This Stipulation of Settlement dated November 2, 2009 (the "Stipulation"), is
2 made and entered into by and among the following Settling Parties (as defined further
3 in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf
4 of itself and each of the Class Members), by and through its counsel of record in the
5 Litigation; and (ii) Occam Networks, Inc. ("Occam" or the "Company"), Robert
6 Howard-Anderson, Christopher B. Farrell, Howard Bailey, Steven M. Krausz, Robert
7 B. Abbott, Thomas Weisel Partners LLC ("TWP"), USVP 5 Funds and USVP 7 Funds
8 ("USVP"), Norwest Venture Partners, Norwest Venture VIII L.P. and NVP
9 Entrepreneurs Fund VIII L.P. ("NVP"), PricewaterhouseCoopers LLP, and Singer
10 Lewak Greenbaum & Goldstein LLP ("Singer Lewak") (the "Defendants"), by and
11 through their counsel of record in the Litigation. The Stipulation is intended by the
12 Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released
13 Claims, upon and subject to the terms and conditions hereof.

14    **I.    THE LITIGATION**

15    On and after April 26, 2007, two securities class actions were filed in the United
16 States District Court for the Central District of California, Western Division (the
17 "Court") on behalf of a class of purchasers of the common stock of Occam during
18 defined periods of time. On July 30, 2007, the Court entered an Order consolidating
19 all of these cases under the caption entitled *Batwin v. Occam Networks, Inc., et al.,*
20 No. 2:07-cv-02750-CAS (SHx) (the "Litigation"), and appointing the NECA-IBEW
21 Pension Fund (The Decatur Plan) as Lead Plaintiff and approving its selection of
22 Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

23    On November 16, 2007, Lead Plaintiff filed its Consolidated Complaint for
24 Violation of Federal Securities Laws (the "Complaint"). The Complaint alleges
25 violations of §§11 and 15 of the Securities Act of 1933 and §§10(b), 20(a) and 20A of
26 the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder on
27 behalf of (a) all persons or entities (and their beneficiaries) who purchased or
28 otherwise acquired the common stock of Occam between April 29, 2004 and October

1  15, 2007, inclusive (the "Class Period"); and (b) all persons or entities (and their
2  beneficiaries) who purchased during the Class Period the common stock of Occam in
3  or traceable to Occam's November 2006 secondary public offering, against the
4  Defendants.

5  Each Defendant moved to dismiss the Complaint, and on July 1, 2008, the
6  Court granted in part and denied in part, the motions to dismiss. On July 16, 2008,
7  Lead Plaintiff filed an amended complaint to conform to the Court's order on the
8  motion to dismiss (the "Amended Complaint"). Defendants answered the Amended
9  Complaint on August 29, 2008. The parties filed their joint case management report
10 on November 10, 2008.

11 On November 20, 2008, the parties engaged in an all-day mediation, but were
12 unable to resolve the Litigation. Discovery began thereafter.

13 On June 4, 2009, Lead Plaintiff and Defendants again engaged in mediation, but
14 were unable to reach an agreement to settle the Litigation. Following additional
15 negotiations, Lead Plaintiff and all Defendants other than Singer Lewak reached an
16 agreement-in-principle to resolve their claims, and on September 10, 2009, signed a
17 Memorandum of Understanding setting out their agreement. On October 15, 2009,
18 Lead Plaintiff and Singer Lewak reached an agreement-in-principle to settle their
19 claims.

20 **II.    THE DEFENDANTS' DENIALS OF WRONGDOING AND**
21      **LIABILITY**

22 Defendants expressly have denied and continue to deny all charges of
23 wrongdoing or liability against them arising out of any of the conduct, statements,
24 acts, or omissions alleged, or that could have been alleged, in the Litigation; continue
25 to believe the claims asserted against them in the Amended Complaint are without
26 merit; and have agreed to enter into the settlement solely to avoid the expense,
27 distraction, time, and uncertainty associated with continuing the Litigation.

28

1   Defendants have concluded that further conduct of the Litigation would be
2   protracted and expensive and that it is desirable that the Litigation be fully and finally
3   settled in the manner and upon the terms and conditions set forth in this Stipulation.
4   They also have taken into account the uncertainty and risks inherent in any litigation,
5   especially in complex cases such as this Litigation and have, therefore, determined
6   that it is desirable and beneficial to them that the Litigation be settled in the manner
7   and upon the terms and conditions set forth in this Stipulation.

8   **III.  CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT**
9

10  Lead Plaintiff believes that the claims asserted in the Litigation have merit and
11  that the evidence developed to date supports those claims.  However, Lead Plaintiff
12  recognizes and acknowledges the expense and length of continued proceedings
13  necessary to prosecute the Litigation against Defendants through trial and through
14  appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk
15  of any litigation, especially in complex actions such as this Litigation, as well as the
16  difficulties and delays inherent in such litigation. Lead Plaintiff is also mindful of the
17  inherent difficulties of proof under and possible defenses to the securities law
18  violations asserted in the Litigation. Lead Plaintiff believes that the settlement set
19  forth in the Stipulation confers substantial benefits upon the Class. Based on their
20  evaluation, Lead Plaintiff and Lead Counsel have determined that the settlement set
21  forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

22  **IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**
23

24  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and
25  among Lead Plaintiff (for itself and each of the respective Class Members) and
26  Defendants, by and through their respective counsel or attorneys of record, that,
27  subject to the approval of the Court, the Litigation and the Released Claims shall be
28  finally and fully compromised, settled, and released, and the Litigation shall be

- 3 -

1 | dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and
2 | conditions of the Stipulation, as follows.

3 | **1.    Definitions**

4 | As used in the Stipulation the following terms have the meanings specified
5 | below:

6 | 1.1    "Authorized Claimant" means any Class Member whose claim for
7 | recovery has been allowed pursuant to the terms of the Stipulation.

8 | 1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

9 | 1.3    "Class" means all Persons or entities (and their beneficiaries) who (a)
10 | purchased or otherwise acquired the common stock of Occam between April 29, 2004
11 | and October 15, 2007, inclusive, and/or (b) purchased during the Class Period the
12 | common stock of Occam in or traceable to Occam's November 2006 secondary public
13 | offering.  Excluded from the Class are the Defendants, members of the immediate
14 | families of the Defendants, the former and current directors, officers, subsidiaries and
15 | affiliates of the Defendants, as well as any person, firm, trust, corporation, officer,
16 | director or other individual or entity in which any Defendant has a controlling interest
17 | and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any
18 | such excluded party.  Also excluded from the Class are those Persons who timely and
19 | validly request exclusion from the Class pursuant to the Notice of Pendency and
20 | Proposed Settlement of Class Action.

21 | 1.4    "Class Member" or "Class Members" mean any Person who falls within
22 | the definition of the Class as set forth in ¶1.3 of the Stipulation.

23 | 1.5    "Effective Date" means the first date by which all of the events and
24 | conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

25 | 1.6    "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP
26 | or its successor(s).

27 | 1.7    "Final" means when the last of the following with respect to the
28 | Judgment approving the Stipulation, substantially in the form of Exhibit B attached

- 4 -

1   hereto, shall occur: (i) the expiration of three (3) business days after the time to file a
2   motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e)
3   has passed without any such motion having been filed; (ii) the expiration of three (3)
4   business days after the time in which to appeal the Judgment has passed without any
5   appeal having been taken (which date shall be deemed to be thirty-three (33) days
6   following the entry of the Judgment, unless the date to take such an appeal shall have
7   been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls
8   on a weekend or a Court holiday, in which case the date for purposes of this
9   Stipulation shall be deemed to be the next business day after such thirty-third (33rd)
10  day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three
11  (3) business days after the determination of that motion or appeal (including any
12  petition for writ of certiorari) in such a manner as to permit the consummation of the
13  settlement substantially in accordance with the terms and conditions of this
14  Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal
15  that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation
16  of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ
17  of certiorari pertaining solely to any plan of distribution and/or application for
18  attorneys' fees, costs, or expenses, shall not in any way delay or preclude the
19  Judgment from becoming Final.

20      1.8    "Judgment" means the judgment to be rendered by the Court,
21  substantially in the form attached hereto as Exhibit B.

22      1.9    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP
23  or its successor(s).

24      1.10   "Lead Plaintiff" means NECA-IBEW Pension Fund (The Decatur Plan).

25      1.11   "Notice Order" means the order described in ¶3.1 hereof.

26      1.12   "Occam" means Occam Networks, Inc. and its subsidiaries, divisions,
27  affiliates, predecessors, and successors.

28

1.13 "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.14 "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

1.15 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

1.16 "PWC" means PricewaterhouseCoopers LLP.

1.17 "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, general partners, limited partners, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest, or, in the case of USVP and NVP, any and all related venture capital funds and management entities, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, general partners, limited partners, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

1.18 "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined in ¶1.22) and causes of action of every nature and description, in law or equity, whether arising under federal, state, local, statutory,

1  common law, foreign law, or any other law, rule, or regulation, whether fixed or
2  contingent, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured,
3  whether class and/or individual in nature that a) Lead Plaintiff or any member of the
4  Class asserted, or could have asserted in this Litigation against any of the Released
5  Persons, or b) that could have been asserted in this Litigation, or any other action or
6  forum by Lead Plaintiff and/or the members of the Class or any of them against any of
7  the Released Persons arising out of, or relating to, directly or indirectly, to the
8  purchase or acquisition of Occam common stock during the Class Period, and the
9  facts, matters, allegations, transactions, events, disclosures, statements, acts, or
10 omissions which were alleged or that could have been alleged in the Complaint.

11      1.19  "Released Persons" means each and all of the Defendants and each and
12 all of their Related Parties.

13      1.20  "Settlement Fund" means the principal amount of Thirteen Million Nine
14 Hundred and Forty-Five Thousand Dollars ($13,945,000.00) in cash, to be paid
15 pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

16      1.21  "Settling Parties" means, collectively, each of the Defendants and the
17 Lead Plaintiff on behalf of itself and each of the Class Members.

18      1.22  "Unknown Claims" means all claims, demands, rights, liabilities, and
19 causes of action of every nature and description which Lead Plaintiff or any Class
20 Member does not know or suspect to exist in his, her or its favor at the time of the
21 release of the Released Persons which, if known by him, her or it, might have affected
22 his, her or its settlement with and release of the Released Persons, or might have
23 affected his, her or its decision not to object to this settlement.

24      **2.    The Settlement**
25           **a.    The Settlement Fund**

26      2.1   In full settlement of the Released Claims, within fourteen (14) calendar
27 days from the later of (a) the date of entry of the Notice Order, or (b) the date on
28 which Defendants have been provided with wire instructions for the escrow account

1   and a taxpayer identification number for the recipient of the funds, Defendants shall
2   pay or cause to be paid the Settlement Fund, in the amounts previously agreed among
3   themselves or with Lead Plaintiff, into a separate interest-bearing account maintained
4   by the Escrow Agent.

5   **b.    The Escrow Agent**

6       2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to
7   ¶2.1 in instruments backed by the full faith and credit of the United States
8   Government or fully insured by the United States Government or an agency thereof
9   and shall reinvest the proceeds of these instruments as they mature in similar
10  instruments at their then-current market rates. The Settlement Fund shall bear all risks
11  related to investment of the Settlement Fund.

12      2.3    The Escrow Agent shall not disburse the Settlement Fund except as
13  provided in the Stipulation, by an order of the Court, or with the written agreement of
14  counsel for Defendants.

15      2.4    Subject to further order and/or direction as may be made by the Court,
16  the Escrow Agent is authorized to execute such transactions on behalf of the Class as
17  are consistent with the terms of the Stipulation.

18      2.5    All funds held by the Escrow Agent shall be deemed and considered to be
19  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,
20  until such time as such funds shall be distributed pursuant to the Stipulation and/or
21  further order(s) of the Court.

22      2.6    Within five (5) days after payment of the Settlement Fund to the Escrow
23  Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Notice and
24  Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it.
25  The Notice and Administration Fund may be used by the Escrow Agent without
26  further consent of Defendants or order of the Court to pay costs and expenses
27  reasonably and actually incurred in connection with providing notice to the Class,
28  locating Class Members, soliciting claims, assisting with the filing of claims,

1  administering and distributing the Settlement Fund to Authorized Claimants,
2  processing Proof of Claim and Release forms, and paying escrow fees and costs, if
3  any.  The Notice and Administration Fund may also be invested and earn interest as
4  provided for in ¶2.2 of this Stipulation.

5          **c.    Taxes**

6          2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the
7  Settlement Fund as being at all times a "qualified settlement fund" within the meaning
8  of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such
9  elections as necessary or advisable to carry out the provisions of this ¶2.7, including,
10  if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2))
11  back to the earliest permitted date.  Such elections shall be made in compliance with
12  the procedures and requirements contained in such Treasury regulations promulgated
13  under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It
14  shall be the responsibility of the Escrow Agent to timely and properly prepare and
15  deliver the necessary documentation for signature by all necessary parties, and
16  thereafter to cause the appropriate filing to occur.

17          (b)    For the purpose of §1.468B of the Code and the Treasury
18  regulations thereunder, the Escrow Agent shall be designated as the "administrator" of
19  the Settlement Fund.    The Escrow Agent shall timely and properly file all
20  informational and other tax returns necessary or advisable with respect to the
21  Settlement Fund (including, without limitation, the returns described in Treas. Reg.
22  §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall
23  be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any
24  estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund
25  shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

26          (c)    All: (a) Taxes (including any estimated Taxes, interest, or
27  penalties) arising with respect to the income earned by the Settlement Fund, including
28  any Taxes or tax detriments that may be imposed upon Defendants or their Related

1  Parties with respect to any income earned by the Settlement Fund for any period
2  during which the Settlement Fund does not qualify as a "qualified settlement fund" for
3  federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in
4  connection with the operation and implementation of this ¶2.7 (including, without
5  limitation, expenses of tax attorneys and/or accountants and mailing and distribution
6  costs and expenses relating to filing (or failing to file) the returns described in this
7  ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall
8  Defendants or their Related Parties have any responsibility for or liability with respect
9  to the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each
10 of the Defendants and their Related Parties harmless for Taxes and Tax Expenses
11 (including, without limitation, Taxes payable by reason of any such indemnification).
12 Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of
13 administration of the Settlement Fund and shall be timely paid by the Escrow Agent
14 out of the Settlement Fund without further consent of Defendants, or prior order from
15 the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein
16 to the contrary) to withhold from distribution to Authorized Claimants any funds
17 necessary to pay such amount, including the establishment of adequate reserves for
18 any Taxes and Tax Expenses (as well as any amounts that may be required to be
19 withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their Related
20 Parties are responsible therefor nor shall they have any liability with respect thereto.
21 The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and
22 their tax attorneys and accountants to the extent reasonably necessary to carry out the
23 provisions of this ¶2.7.

24          (d)    For the purpose of this ¶2.7, references to the Settlement Fund
25 shall include both the Settlement Fund and the Notice and Administration Fund and
26 shall also include any earnings thereon.

27
28

1

### d.    Termination of Settlement

2    2.8    In the event that the Stipulation is not approved, or is terminated,

3 canceled, or fails to become effective for any reason, the Settlement Fund (including

4 accrued interest), plus any amount then remaining in the Notice and Administration

5 Fund (including accrued interest), less expenses and Taxes and Tax Expenses incurred

6 or due and owing in connection with the settlement provided for herein shall be

7 refunded to the Persons making the contribution as provided in ¶7.3 below.

8    **3.    Notice Order and Settlement Hearing**

9    3.1    As soon as practicable after execution of the Stipulation, the Settling

10 Parties shall submit the Stipulation together with its Exhibits to the Court and shall

11 apply for entry of the Notice Order, substantially in the form of Exhibit A attached

12 hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the

13 Stipulation, certification of the Class for settlement purposes only and approval for

14 mailing the Notice of Pendency and Proposed Settlement of Class Action (the

15 "Notice") substantially in the form of Exhibit A-1 attached hereto and publication of a

16 Summary Notice substantially in the form of Exhibit A-3 attached hereto.  The Notice

17 shall include the general terms of the settlement set forth in the Stipulation and the

18 date of the Settlement Hearing.

19    3.2    Lead Counsel shall request that after notice is given, the Court hold a

20 hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation

21 as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request

22 that the Court approve the proposed Plan of Allocation and the Fee and Expense

23 Application.

24    **4.    Releases, Judgment Credit, and Covenant Not to Sue**

25    4.1    Upon the Effective Date, as defined in ¶1.5 hereof, the Class Members

26 shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

27 and forever released, relinquished, and discharged all Released Claims against the

28

1  Released Persons, whether or not such Class Member executes and delivers a Proof of
2  Claim and Release form.

3      4.2    The Proof of Claim and Release to be executed by Class Members shall
4  release all Released Claims against the Released Persons.

5      4.3    Upon the Effective Date, as defined in ¶1.5 hereof, each of the Released
6  Persons shall be deemed to have, and by operation of the Judgment shall have, fully,
7  finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all
8  of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown
9  Claims) arising out of, relating to, or in connection with the institution, prosecution,
10  assertion, settlement, or resolution of the Litigation or the Released Claims.

11      4.4    With respect to any and all Released Claims, Settling Parties stipulate
12  and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each
13  of the Class Members shall be deemed to have waived, and by operation of the
14  Judgment shall have waived, the provisions, rights, and benefits of California Civil
15  Code §1542, which provides:

16          A general release does not extend to claims which the creditor
17          does not know or suspect to exist in his or her favor at the time of
18          executing the release, which if known by him or her must have
19          materially affected his or her settlement with the debtor.

20  Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed
21  to have waived, and by operation of the Judgment shall have expressly waived, any
22  and all provisions, rights, and benefits conferred by any law of any state or territory of
23  the United States, or principle of common law, which is similar, comparable, or
24  equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may
25  hereafter discover facts in addition to or different from those which he, she or it now
26  knows or believes to be true with respect to the subject matter of the Released Claims,
27  but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each
28  Class Member, upon the Effective Date, shall be deemed to have, and by operation of

1  the Judgment shall have, fully, finally, and forever settled and released, any and all

2  Released Claims, known or unknown, suspected or unsuspected, contingent or non-

3  contingent, whether or not concealed or hidden, which now exist, or heretofore have

4  existed, upon any theory of law or equity now existing or coming into existence in the

5  future, including, but not limited to, conduct which is negligent, intentional, with or

6  without malice, or a breach of any duty, law or rule, without regard to the subsequent

7  discovery or existence of such different or additional facts.    Lead Plaintiff

8  acknowledges, and the Class Members shall be deemed by operation of the Judgment

9  to have acknowledged, that the foregoing waiver was separately bargained for and a

10  key element of the settlement of which this release is a part.

11      4.5    With the exception of any indemnification obligations Occam has to

12  underwriter TWP and selling shareholders USVP, NVP, Mr. Howard-Anderson

13  pursuant to the Underwriting Agreement for Occam's secondary offering, and any

14  indemnification obligations Occam has to Mr. Howard-Anderson, Mr. Abbott, Mr.

15  Krausz, Mr. Farrell, and Mr. Bailey arising out of Occam's by-laws or any applicable

16  indemnification agreements, each Defendant releases the other Defendants and their

17  Related Parties from any and all of their rights, demands, claims (including "Unknown

18  Claims"), and causes of action of every nature and description, in law or equity,

19  whether arising under federal, state, local, statutory, or common law, or any other law,

20  rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or

21  un-liquidated, matured or un-matured, whether class, and/or individual in nature

22  arising out of, or relating to, directly or indirectly, the facts, matters, allegations,

23  transactions, events, disclosures, statements, acts, or omissions which were alleged or

24  could have been alleged in the Litigation.

25      4.6    Lead Plaintiff and each of the Class Members agree and covenant not to

26  file or pursue any claim against Defendants between the date of this Stipulation and

27  the Effective Date.  The parties agree that, if the settlement does not become Final, the

28

1   period of time between the date of this Stipulation and the Effective Date shall not be

2   counted for purposes of any defense based on passage of time.

3   **5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

4

5   5.1    The Claims Administrator shall administer and calculate the claims

    submitted by Class Members.

6

7   5.2    The Settlement Fund shall be applied as follows:

8   (a)    to pay Plaintiffs' Counsel's attorneys' fees and expenses with

9   interest thereon (the "Fee and Expense Award"), and Lead Plaintiff's expenses when,

    if and to the extent allowed by the Court;

10

11   (b)    to pay all the costs and expenses reasonably and actually incurred

12   in connection with providing notice, locating Class Members, soliciting Class claims,

    assisting with the filing of claims, administering and distributing the Net Settlement

13   Fund to Authorized Claimants, processing Proof of Claim and Release forms, and

14   paying escrow fees and costs, if any;

15

16   (c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

17   (d)    to distribute the balance of the Settlement Fund (the "Net

    Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of

18   Allocation, or the Court.

19

20   5.3    Upon the Effective Date and thereafter, and in accordance with the terms

21   of the Stipulation, the Plan of Allocation, or such further approval and further order(s)

    of the Court as may be necessary or as circumstances may require, the Net Settlement

22   Fund shall be distributed to Authorized Claimants, subject to and in accordance with

23   the terms of this Stipulation.

24

25   5.4    Within ninety (90) days after such time as set by the Court to mail notice

26   to the Class, each Person claiming to be an Authorized Claimant shall be required to

    submit to the Claims Administrator a completed Proof of Claim and Release form,

27   substantially in a form approved by the Court, signed under penalty of perjury, and

28

- 14 -

1  supported by such documents as are specified in the Proof of Claim and Release form
2  and as are reasonably available to the Authorized Claimant.

3       5.5    Except as otherwise ordered by the Court, all Class Members who fail to
4  timely submit a Proof of Claim and Release form within such period, or such other
5  period as may be ordered by the Court, or otherwise allowed, shall be forever barred
6  from receiving any payments pursuant to the Stipulation and the settlement set forth
7  herein, but will in all other respects be subject to and bound by the provisions of the
8  Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the
9  foregoing, Lead Counsel may, in their discretion, accept for processing late submitted
10 claims so long as the distribution of the Net Settlement Fund to Authorized Claimants
11 is not materially delayed.

12      5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants
13 substantially in accordance with a Plan of Allocation to be described in the Notice and
14 approved by the Court.  If there is any balance remaining in the Net Settlement Fund
15 after six (6) months from the date of distribution of the Net Settlement Fund (whether
16 by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if
17 feasible, reallocate such balance among Authorized Claimants who deposited the
18 checks sent in the initial distribution in an equitable and economic fashion.
19 Thereafter, any balance which still remains in the Net Settlement Fund shall be
20 donated to an appropriate non-profit organization designated by Lead Counsel.

21      5.7    This is not a claims-made settlement.  Accordingly, once all conditions of
22 the Stipulation are satisfied and the settlement becomes Final, no portion of the
23 Settlement Fund will be returned to Defendants or their insurers.  Defendants and their
24 Related Parties shall have no responsibility for, interest in, or liability whatsoever with
25 respect to the distribution of the Settlement Fund, the Plan of Allocation, the
26 determination, administration, or calculation of claims, the payment or withholding of
27 Taxes or Tax Expenses, or any losses incurred in connection therewith.

28

1    5.8    No Person shall have any claim against Lead Plaintiff, the Escrow Agent,

2  Plaintiffs' Counsel, Defendants, the Claims Administrator, or other entity designated

3  by Lead Counsel based on distributions made substantially in accordance with the

4  Stipulation and the settlement contained herein, a Court-approved Plan of Allocation,

5  or further order(s) of the Court.

6    5.9    It is understood and agreed by the Settling Parties that any proposed Plan

7  of Allocation of the Net Settlement Fund including, but not limited to, any

8  adjustments to an Authorized Claimant's claim set forth therein, is not a part of the

9  Stipulation and is to be considered by the Court separately from the Court's

10  consideration of the fairness, reasonableness, and adequacy of the settlement set forth

11  in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall

12  not operate to terminate or cancel the Stipulation or affect the finality of the Court's

13  Judgment approving the Stipulation and the settlement set forth therein, or any other

14  orders entered pursuant to the Stipulation.

15    **6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

16    6.1    Lead Counsel may submit an application or applications (the "Fee and

17  Expense Application") for distributions to them from the Settlement Fund for: (a) an

18  award of attorneys' fees from the Settlement Fund; plus (b) payment of expenses,

19  including the fees of any experts or consultants, incurred in connection with

20  prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at

21  the same rate and for the same periods as earned by the Settlement Fund (until paid);

22  and (c) reimbursement for the expenses of Lead Plaintiff pursuant to 15 U.S.C. §78u-

23  4(a)(4). Lead Counsel reserve the right to make additional applications for fees and

24  expenses incurred.

25    6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid

26  to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court

27  executes an order awarding such fees and expenses. Lead Counsel shall thereafter

28  allocate the attorneys' fees in a manner in which they in good faith believe reflects the

1 contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation.
2 In the event that the Effective Date does not occur, or the Judgment or the order
3 making the Fee and Expense Award is reversed or modified, or the Stipulation is
4 canceled or terminated for any other reason, and in the event that the Fee and Expense
5 Award has been paid to any extent, then Plaintiffs' Counsel shall within five (5)
6 business days from receiving notice from Defendants' counsel or from a court of
7 appropriate jurisdiction, refund to the Settlement Fund the fees and expenses
8 previously paid to them from the Settlement Fund plus interest thereon in an amount
9 consistent with such reversal or modification. Each such Plaintiffs' Counsel's law
10 firm, as a condition of receiving such fees and expenses, on behalf of itself and each
11 partner and/or shareholder of it, agrees that the law firm and its partners and/or
12 shareholders are subject to the jurisdiction of the Court for the purpose of enforcing
13 the provisions of this paragraph.

14      6.3    The procedure for and the allowance or disallowance by the Court of any
15 applications by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees
16 of experts and consultants, to be paid out of the Settlement Fund, are not part of the
17 settlement set forth in the Stipulation, and are to be considered by the Court separately
18 from the Court's consideration of the fairness, reasonableness, and adequacy of the
19 settlement set forth in the Stipulation, and any order or proceeding relating to the Fee
20 and Expense Application, or any appeal from any order relating thereto or reversal or
21 modification thereof, shall not operate to terminate or cancel the Stipulation, or affect
22 or delay the finality of the Judgment approving the Stipulation and the settlement of
23 the Litigation set forth therein.

24      6.4    Defendants and their Related Parties shall have no responsibility for or
25 liability with respect to any payment of attorneys' fees and expenses to Plaintiffs'
26 Counsel over and above payment from the Settlement Fund.

27      6.5    Defendants and their Related Parties shall have no responsibility for or
28 liability with respect to the allocation among Plaintiffs' Counsel, and/or any other

1  Person who may assert some claim thereto, of any Fee and Expense Award that the

2  Court may make in the Litigation, and Defendants and their respective Related Parties

3  take no position with respect to such matters.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the contribution to the Settlement Fund as required by ¶2.1 hereof;

(b)    the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)    the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)    the Judgment has become Final, as defined in ¶1.7 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Notice and Administration Fund including Taxes and Tax Expenses,

1   shall be refunded by the Escrow Agent to the Persons contributing to it based upon the

2   amounts initially contributed by each. At the request of counsel for Defendants, the

3   Escrow Agent or its designee shall apply for any tax refund owed on the Settlement

4   Fund and pay the proceeds, after deduction of any fees or expenses incurred in

5   connection with such application(s) for refund, to the Persons contributing to the

6   Settlement Fund.

7        7.4    In the event that the Stipulation is not approved by the Court or the

8   settlement set forth in the Stipulation is terminated or fails to become effective in

9   accordance with its terms, the Settling Parties shall be restored to their respective

10   positions in the Litigation as of September 12, 2009. In such event, the terms and

11   provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 7.3-7.5 hereof, shall

12   have no further force and effect with respect to the Settling Parties and shall not be

13   used in the Litigation or in any other proceeding for any purpose, and any judgment or

14   order entered by the Court in accordance with the terms of the Stipulation shall be

15   treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal

16   on appeal of any order of the Court concerning the Plan of Allocation or the amount of

17   any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead

18   Counsel shall constitute grounds for cancellation or termination of the Stipulation.

19        7.5    If the Effective Date does not occur, or if the Stipulation is terminated

20   pursuant to its terms, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any

21   obligation to repay any amounts actually and properly disbursed from the Notice and

22   Administration Fund. In addition, any expenses already incurred and properly

23   chargeable to the Notice and Administration Fund pursuant to ¶2.6 hereof at the time

24   of such termination or cancellation, but which have not been paid, shall be paid by the

25   Escrow Agent in accordance with the terms of the Stipulation prior to the balance

26   being refunded in accordance with ¶¶2.8 and 7.3 hereof.

27        7.6    If prior to the Settlement Hearing, the aggregate number of shares of

28   Occam common stock purchased or acquired by Persons who would otherwise be

1  members of the Class, but who request exclusion from that Class, exceeds the sum

2  specified in a separate supplemental agreement between Lead Plaintiff and Defendants

3  (the "Supplemental Agreement"), Defendants Occam, PWC and Singer Lewak shall

4  have, in their sole and absolute discretion (which must be unanimously exercised), the

5  option to withdraw or terminate this Stipulation in accordance with the procedures set

6  forth in the Supplemental Agreement. The Supplemental Agreement will not be filed

7  with the Court. If required by the Court, the Supplemental Agreement and/or any of

8  its terms may be disclosed in camera to the Court for purposes of approval of the

9  settlement, but such disclosure shall be carried out to the fullest extent possible in

10  accordance with the practices of the Court so as to preserve the confidentiality of the

11  Supplemental Agreement, particularly the threshold aggregate number of shares.

12  **8.    Class Certification**

13  8.1    For purposes of this Stipulation only, the Settling Parties will stipulate to

14  certification of the Class, as defined herein and the appointment of Lead Plaintiff as

15  class representative of the Class. Defendants expressly reserve the right to contest

16  class certification in the event this settlement does not become effective for any

17  reason.

18  **9.    No Admission of Wrongdoing**

19  9.1    This Stipulation, whether or not consummated, and any negotiations,

20  discussions, or proceedings in connection herewith shall not be:

21  (a)    offered or received against any Defendant as evidence of or

22  construed as or deemed to be evidence of any presumption, concession, or admission

23  by any Defendant of the truth of any fact alleged by the Class Members or the validity

24  of any claim that has been or could have been asserted in the Litigation, or the

25  deficiency of any defense that has been or could have been asserted in the Litigation,

26  or of any liability, negligence, fault, or wrongdoing of Defendants;

27  (b)    offered or received against any Defendant as evidence of a

28  presumption, concession, admission of any fault, misrepresentation, or omission with

1  respect to any statement or written document approved or made by any Defendant, or

2  against Lead Plaintiff or any Class Member as evidence of any infirmity in the claims

3  of Lead Plaintiff and the Class;

4          (c)   offered or received against any Defendant as evidence of a

5  presumption, concession, or admission of any liability, negligence, fault, or

6  wrongdoing, or in any way referred to for any other reason as against any of the

7  parties to this Stipulation, in any other civil, criminal, or administrative action or

8  proceeding, other than such proceedings as may be necessary to effectuate the

9  provisions of this Stipulation; provided, however, that if this Stipulation is approved

10  by the Court, Defendants and their Related Parties may refer to it to effectuate the

11  release granted them hereunder; or

12          (d)   construed against Defendants, Lead Plaintiff, or the Class as an

13  admission or concession that the consideration to be given hereunder represents the

14  amount which could be or would have been recovered after trial.

15      **10.   Miscellaneous Provisions**

16      10.1   The Settling Parties (a) acknowledge that it is their intent to consummate

17  this agreement; and (b) agree to cooperate to the extent reasonably necessary to

18  effectuate and implement all terms and conditions of the Stipulation and to exercise

19  their reasonable best efforts to accomplish the foregoing terms and conditions of the

20  Stipulation.

21      10.2   This Stipulation, the Exhibits attached hereto, and the Supplemental

22  Agreement constitutes the entire agreement between the Settling Parties as to the

23  subject matter hereof and supersedes any prior or contemporaneous written or oral

24  agreements or understandings between the Settling Parties.

25      10.3   No modification or amendment of this Stipulation shall be valid unless

26  made in writing and signed by or on behalf of each party hereto or their respective

27  successors-in-interest.  No representations, warranties, or inducements have been

28  made to any party concerning the Stipulation, its Exhibits, or the Supplemental

1  Agreement other than the representations, warranties, and covenants contained and

2  memorialized in such documents. Except as otherwise provided for herein, each party

3  shall bear his, her or its own costs.

4       10.4   The settlement compromises claims that are contested and shall not be

5  deemed an admission by any Settling Party as to the merits of any claim or defense.

6  The Judgment will contain a statement that during the course of the Litigation, the

7  parties and their respective counsel at all times complied with the requirements of

8  Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to

9  the Settlement Fund and the other terms of the settlement were negotiated in good

10  faith by the Settling Parties and reflect a settlement that was reached voluntarily after

11  consultation with competent legal counsel. The Settling Parties reserve their right to

12  rebut, in a manner that such party determines to be appropriate, any contention made

13  in any public forum that the Litigation was brought or defended in bad faith or without

14  a reasonable basis.

15      10.5   Defendants and/or their Related Parties may file the Stipulation and/or

16  the Judgment in any action that may be brought against them in order to support a

17  defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel,

18  release, good faith settlement, judgment bar or reduction, or any other theory of claim

19  preclusion or issue preclusion or similar defense or counterclaim.

20      10.6   All agreements made and orders entered during the course of the

21  Litigation relating to the confidentiality of information shall survive this Stipulation.

22      10.7   All of the Exhibits to the Stipulation are material and integral parts hereof

23  and are fully incorporated herein by this reference.

24      10.8   The Stipulation may be amended or modified only by a written

25  instrument signed by or on behalf of all Settling Parties or their respective successors-

26  in-interest.

27      10.9   Lead Counsel, on behalf of the Class, are expressly authorized by Lead

28  Plaintiff to take all appropriate action required or permitted to be taken by the Class

1   pursuant to the Stipulation to effectuate its terms and also are expressly authorized to

2   enter into any modifications or amendments to the Stipulation on behalf of the Class

3   which they deem appropriate.

4       10.10 Each counsel or other Person executing the Stipulation or any of its

5   Exhibits on behalf of any party hereto hereby warrants that such Person has the full

6   authority to do so.

7       10.11 The Stipulation may be executed in one or more counterparts. All

8   executed counterparts and each of them shall be deemed to be one and the same

9   instrument. A complete set of original executed counterparts shall be filed with the

10  Court.

11      10.12 The Stipulation shall be binding upon, and inure to the benefit of, the

12  successors and assigns of the parties hereto.

13      10.13 The Court shall retain jurisdiction with respect to implementation and

14  enforcement of the terms of the Stipulation, and all parties hereto submit to the

15  jurisdiction of the Court for purposes of implementing and enforcing the settlement

16  embodied in the Stipulation.

17      10.14 The waiver by one party of any breach of this Stipulation by any other

18  party shall not be deemed a waiver by any other party or a waiver of any other prior or

19  subsequent breach of this Stipulation.

20      10.15 The Stipulation and the Exhibits hereto shall be considered to have been

21  negotiated, executed, and delivered, and to be wholly performed, in the State of

22  California, and the rights and obligations of the parties to the Stipulation shall be

23  construed and enforced in accordance with, and governed by, the internal, substantive

24  laws of the State of California without giving effect to that state's choice-of-law

25  principles.

26

27

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2    executed, by their duly authorized attorneys dated November 2, 2009.

3                          COUGHLIN STOIA GELLER
                              RUDMAN & ROBBINS LLP
4                          DARREN J. ROBBINS
                          ELLEN GUSIKOFF STEWART
5                          ANDREW J. BROWN
                          MATTHEW I. ALPERT
6                          ERIC I. NIEHAUS

7

8                          _____
                          ELLEN GUSIKOFF STEWART
9
                          655 West Broadway, Suite 1900
10                         San Diego, CA 92101
                          Telephone: 619/231-1058
11                         619/231-7423 (fax)

12                         Lead Counsel for Plaintiffs

13                         CAVANAGH & O'HARA
                          PATRICK J. O'HARA
14                         407 East Adams Street
                          Springfield, IL 62701
15                         Telephone: 217/544-1771
                          217/544-9894 (fax)

16                         Additional Counsel for Plaintiff
17
                          WILSON SONSINI GOODRICH &
18                           ROSATI, P.C.
                          JEROME F. BIRN, JR.
19                         GREGORY L. WATTS

20

21                         _____
                          GREGORY L. WATTS
22
                          650 Page Mill Road
23                         Palo Alto, CA 94304-1050
                          Telephone: 650/493-9300
24                         650/493-6811 (fax)

25                         Attorneys for Defendants Occam
                          Networks, Inc., Bob Howard-Anderson,
26                         Chris Farrell, Howard Bailey, Steven M.
                          Krausz, and Robert B. Abbott
27

28

- 24 -

1

2    GIBSON, DUNN & CRUTCHER LLP
     SCOTT A. FINK
3

4    _____
                SCOTT A. FINK
5
     555 Mission Street, Suite 3000
6    San Francisco, CA 94105-2933
     Telephone: 415/393-8200
7    415/986-5309 (fax)

8    Attorneys for Defendant
     PricewaterhouseCoopers LLP
9
     COOLEY GODWARD KRONISH LLP
10   CHRISTOPHER SUNDERMEIER

11

12
     _____
13        CHRISTOPHER SUNDERMEIER

14   Five Palo Alto Square, 4th Floor
     3000 El Camino Real
15   Palo Alto, CA 94306-2155
     Telephone: 650/843-5000
16   650/849-7400 (fax)

17   Attorneys for Defendants
     Norwest Venture Partners, Norwest
18   Venture Partners VIII L.P. and
     NVP Entrepreneurs Fund VIII L.P.

19   HAYES SCOTT BONINO ELLINGSON
       & McLAY LLP
20   STEPHEN A. SCOTT

21

22
     _____
23         STEPHEN A. SCOTT

24   203 Redwood Shores Parkway, Suite 480
     Redwood Shores, CA 94065
25
     Attorneys for Defendants
26   USVP 5 Funds and USVP 7 Funds

27

28

                        - 25 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. FINK

_____
SCOTT A. FINK

555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone:  415/393-8200
415/986-5309 (fax)

Attorneys for Defendant
PricewaterhouseCoopers LLP

COOLEY GODWARD KRONISH LLP
CHRISTOPHER SUNDERMEIER

_____
CHRISTOPHER SUNDERMEIER

Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  650/843-5000
650/849-7400 (fax)

Attorneys for Defendants
Norwest Venture Partners, Norwest
Venture Partners VIII L.P. and
NVP Entrepreneurs Fund VIII L.P.

HAYES SCOTT BONINO ELLINGSON
  & McLAY LLP
STEPHEN A. SCOTT

_____
STEPHEN A. SCOTT

203 Redwood Shores Parkway, Suite 480
Redwood Shores, CA  94065

Attorneys for Defendants
USVP 5 Funds and USVP 7 Funds

- 25 -

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. FINK

_____
SCOTT A. FINK

555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone:  415/393-8200
415/986-5309 (fax)

Attorneys for Defendant
PricewaterhouseCoopers LLP

COOLEY GODWARD KRONISH LLP
CHRISTOPHER SUNDERMEIER

_____
CHRISTOPHER SUNDERMEIER

Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  650/843-5000
650/849-7400 (fax)

Attorneys for Defendants
Norwest Venture Partners, Norwest
Venture Partners VIII L.P. and
NVP Entrepreneurs Fund VIII L.P.

HAYES SCOTT BONINO ELLINGSON
& McLAY LLP
STEPHEN A. SCOTT

_____
STEPHEN A. SCOTT

203 Redwood Shores Parkway, Suite 480
Redwood Shores. CA  94065

Attorneys for Defendants
USVP 5 Funds and USVP 7 Funds

MORRISON & FOERSTER, LLP
JORDAN ETH
PHILIP T. BESIROF
TIMOTHY W. BLAKELY

_Philip Besirof_ TB
PHILIP T. BESIROF

425 Market Street
San Francisco, CA 94105-2482
Telephone: 415/268-7000
415/268-7522 (fax)

Attorneys for Defendant
Thomas Weisel Partners LLC

GARRETT & TULLY
EFREN A. COMPEAN

EFREN A. COMPEAN

225 South Lake Avenue, Suite 1400
Pasadena, CA 91101
Telephone: 626/577-9500
626/577-0813 (fax)

Attorneys for Defendant Singer Lewak
Greenbaum & Goldstein LLP

C:\DOCUME~1\dscott\LOCALS~1\Temp\6\MetaSave\(v2) STP 00062274.doc

1

2      MORRISON & FOERSTER, LLP
       JORDAN ETH
3      PHILIP T. BESIROF
       TIMOTHY W. BLAKELY

4

5      _____
                PHILIP T. BESIROF
6
       425 Market Street
7      San Francisco, CA  94105-2482
       Telephone:  415/268-7000
8      415/268-7522 (fax)

9      Attorneys for Defendant
       Thomas Weisel Partners LLC
10
       GARRETT & TULLY
11     EFREN A. COMPEAN

12

13     _____
                EFREN A. COMPEAN
14
       225 South Lake Avenue, Suite 1400
15     Pasadena, CA  91101
       Telephone:  626/577-9500
16     626/577-0813 (fax)

17     Attorneys for Defendant Singer Lewak
       Greenbaum & Goldstein LLP
18     C:\DOCUME~1\dscott\LOCALS~1\Temp\6\MetaSave\(v2) STP 00062274.doc

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on November 2, 2009, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

5   List, and I hereby certify that I have mailed the foregoing document or paper via the

6   United States Postal Service to the non-CM/ECF participants indicated on the attached

7   Manual Notice List.

8          I certify under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.  Executed on November 2, 2009.

10
                                      s/ Ellen Gusikoff Stewart
11                                    ELLEN GUSIKOFF STEWART

12                                    COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
13                                    655 West Broadway, Suite 1900
                                      San Diego, CA  92101-3301
14                                    Telephone:  619/231-1058
                                      619/231-7423 (fax)
15

16                                    E-mail:        elleng@csgrr.com

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 2:07-cv-02750-CAS-SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Sally Berens**
  sberens@gibsondunn.com,cvignati@gibsondunn.com

- **Philip T Besirof**
  pbesirof@mofo.com,vsmith@mofo.com

- **Jerome F Birn , Jr**
  jbirn@wsgr.com

- **Timothy W Blakely**
  tblakely@mofo.com,kbobovski@mofo.com

- **Lori S Brody**
  lbrody@kaplanfox.com,kweiland@kaplanfox.com

- **Andrew J Brown**
  andrewb@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Jeffrey P Campisi**
  jcampisi@kaplanfox.com

- **Efren A Compean**
  ecompean@garrett-tully.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Dorothy L Fernandez**
  dfernandez@mofo.com

- **Scott A Fink**
  sfink@gibsondunn.com,bhonniball@gibsondunn.com

- **Mark C Gardy**
  mgardy@gardylaw.com

- **Crystal Mothershead Gaudette**
  cgaudette@wsgr.com

**2 8**

- **Katherine L Henderson**
  khenderson@wsgr.com

- **Laurence D King**
  lking@kaplanfox.com,kweiland@kaplanfox.com

- **Tricia L McCormick**
  triciam@csgrr.com

- **Angela Mikels**
  adunning@cooley.com

- **Stephen A Scott**
  sscott@hayesscott.com,atorres@hayescott.com

- **Joel B Strauss**
  jstrauss@kaplanfox.com

- **Christopher J Sundermeier**
  csundermeier@cooley.com,jmcintosh@cooley.com

- **Charles E Tillage**
  ctillage@hayesdavis.com,atorres@hayesscott.com

- **Stephen J Tully**
  stully@garrett-tully.com

- **Gregory Lewis Watts**
  gwatts@wsgr.com,lbeltran@wsgr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Frederic S Fox
Kaplan Fox & Kilsheimer
850 Third Avenue, 14th Floor
New York, NY 10022

Trang T Tran
Garrett & Tully P C
225 South Lake Avenue Suite 1400
Pasadena, CA 91101-4869
```

**2 9**

Manual List
*Batwin v. Occam Networks, Inc., et al.*
No. 2:07-cv-02750-CAS(SHx)


Patrick J. O'Hara
CAVANAGH & O'HARA
407 East Adams Street
Springfield, IL 62701

**EXHIBIT A**

1 | COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2 | DARREN J. ROBBINS (168593)
   ELLEN GUSIKOFF STEWART (144892)
3 | ANDREW J. BROWN (160562)
   MATTHEW I. ALPERT (238024)
4 | ERIC I. NIEHAUS (239023)
   655 West Broadway, Suite 1900
5 | San Diego, CA 92101
   Telephone: 619/231-1058
6 | 619/231-7423 (fax)
   darrenr@csgrr.com
7 | elleng@csgrr.com
   andrewb@csgrr.com
8 | malpert@csgrr.com
   eniehaus@csgrr.com
9 |
   Lead Counsel for Plaintiffs
10 |

11 |                    UNITED STATES DISTRICT COURT
12 |                   CENTRAL DISTRICT OF CALIFORNIA
13 |                         WESTERN DIVISION
14 |

15 | LAURI S. BATWIN, On Behalf of          ) No. 2:07-cv-02750-CAS(SHx)
     Herself and All Others Similarly       ) **(Consolidated)**
16 | Situated,                              )
                                            ) CLASS ACTION
17 |                        Plaintiff,       )
                                            ) [PROPOSED] ORDER
18 |       vs.                              ) PRELIMINARILY APPROVING
                                            ) SETTLEMENT AND PROVIDING
19 | OCCAM NETWORKS, INC., et al.,          ) FOR NOTICE
                                            )
20 |                       Defendants.       ) EXHIBIT A
     ———————————————————————————           )
21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
                                                                    3 1

1    WHEREAS, a consolidated securities class action is pending before the Court
2  entitled *Batwin v. Occam Networks, Inc., et al.*, No. 2:07-cv-02750-CAS(SHx)
3  ("Litigation");

4    WHEREAS, the Court has received the Stipulation of Settlement dated
5  November 2, 2009 (the "Stipulation"), that has been entered into by Lead Plaintiff
6  NECA-IBEW Pension Fund (The Decatur Plan) ("Lead Plaintiff") and Defendants
7  Occam Networks, Inc. ("Occam"), Robert Howard-Anderson, Christopher B. Farrell,
8  Howard Bailey, Steven M. Krausz, Robert B. Abbott, Thomas Weisel Partners LLC
9  ("TWP"), USVP 5 Funds and USVP 7 Funds ("USVP"), Norwest Venture Partners,
10  Norwest Venture VIII L.P. and NVP Entrepreneurs Fund VIII L.P. ("NVP"),
11  PricewaterhouseCoopers LLP, and Singer Lewak Greenbaum & Goldstein LLP
12  ("Singer Lewak") (the "Defendants," collectively the "Parties"), and the Court has
13  reviewed the Stipulation and its attached Exhibits; and

14    WHEREAS, the Parties having made application, pursuant to Federal Rule of
15  Civil Procedure 23(e), for an order preliminarily approving the settlement of the
16  Litigation, in accordance with the Stipulation which, together with the Exhibits
17  annexed thereto, sets forth the terms and conditions for a proposed settlement of the
18  Litigation and for dismissal of the Litigation with prejudice upon the terms and
19  conditions set forth therein; and the Court having read and considered the Stipulation
20  and the Exhibits annexed thereto; and

21    WHEREAS, all defined terms contained herein shall have the same meanings as
22  set forth in the Stipulation;

23    NOW, THEREFORE, IT IS HEREBY ORDERED:

24    1.    The Court hereby certifies the following class for settlement purposes
25  only:

26    All Persons or entities (and their beneficiaries) who (a) purchased or
27    otherwise acquired the common stock of Occam between April 29, 2004
28    and October 15, 2007, inclusive, and/or (b) purchased during the Class

- 1 -                                          3 2

1  Period the common stock of Occam in or traceable to Occam's

2  November 2006 secondary public offering. Excluded from the Class are

3  the Defendants, members of the immediate families of the Defendants,

4  the former and current directors, officers, subsidiaries and affiliates of

5  the Defendants, as well as any person, firm, trust, corporation, officer,

6  director or other individual or entity in which any Defendant has a

7  controlling interest and the legal representatives, affiliates, heirs,

8  successors-in-interest, or assigns of any such excluded party. Also

9  excluded from the Class are those Persons who timely and validly

10 request exclusion from the Class pursuant to the Notice of Pendency and

11 Proposed Settlement of Class Action.

12     2.     With respect to the Class, this Court finds that: (a) the members of the

13 Class are so numerous that joinder of all Class Members is impracticable; (b) there are

14 questions of law and fact common to members of the Class which predominate over

15 any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the

16 Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and

17 protected the interests of the respective members of the Class; and (e) a class action is

18 superior to other available methods for the fair and efficient adjudication of the

19 controversy considering: (i) the interests of the members of the Class in individually

20 controlling the prosecution of the separate actions; (ii) the extent and nature of any

21 litigation concerning the controversy already commenced by members of the Class;

22 (iii) the desirability or undesirability of concentrating the litigation of these claims in

23 this particular forum; and (iv) the difficulties likely to be encountered in the

24 management of the class action.

25     3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the

26 purposes of settlement only, the Court certifies NECA-IBEW Pension Fund (The

27 Decatur Plan) as class representative for the Class. Lead Counsel is authorized to act

28 on behalf of the Class with respect to all acts required by, or which may be undertaken

1  pursuant to, the stipulation or such other acts that are reasonably necessary to
2  consummate the proposed settlement set forth in the Stipulation.

3      4.    The Court does hereby preliminarily approve the Stipulation and the
4  settlement set forth therein, subject to further consideration at the Settlement Hearing
5  described below.

6      5.    A hearing (the "Settlement Hearing") shall be held before this Court on
7  _____, 2010, at _____.m., at the United States District Court, Central District of
8  California, 312 North Spring Street, Courtroom 5, Los Angeles, California 90012, to
9  determine whether the proposed settlement of the Litigation on the terms and
10 conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class
11 and should be approved by the Court; whether a Judgment as provided in ¶1.8 of the
12 Stipulation should be entered herein; whether the proposed Plan of Allocation should
13 be approved by the Court; to determine the amount of attorneys' fees and expenses
14 that should be awarded to Lead Counsel; and whether the expenses of Lead Plaintiff
15 should be reimbursed. The Court may adjourn the Settlement Hearing without further
16 notice to members of the Class.

17     6.    The Court approves, as to form and content, the Notice of Pendency and
18 Proposed Settlement of Class Action (the "Notice"), and Summary Notice for
19 publication annexed as Exhibits A-1 and A-3 hereto and finds that the mailing and
20 distribution of the Notice and publishing of the Summary Notice substantially in the
21 manner and form set forth in ¶7 of this Order meet the requirements of Federal Rule of
22 Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.
23 §78u-4(a)(7), as amended including by the Private Securities Litigation Reform Act of
24 1995, and due process, and is the best notice practicable under the circumstances and
25 shall constitute due and sufficient notice to all Persons entitled thereto.

26     7.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby
27 appointed to supervise and administer the notice procedure as well as the processing
28 of claims as more fully set forth below:

- 3 -

3 4

(a)     Occam shall cooperate in making Occam's transfer records and shareholder information available to the Claims Administrator no later than seven (7) days following entry of this Order for the purpose of identifying and giving notice to the Class;

(b)     The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, and not later than _____, 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice substantially in the form annexed as Exhibit A-1 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

(c)     Not later than _____, 2009, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.     Nominees who purchased or acquired Occam common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

35

1    9.    All members of the Class shall be bound by all determinations and
2 judgments in the Litigation concerning the settlement, whether favorable or
3 unfavorable to the Class.

4    10.    Pending final determination of whether the Stipulation should be
5 approved, Plaintiffs' Counsel, Lead Plaintiff, and any Class Member are barred and
6 enjoined from commencing or prosecuting any action asserting any Released Claims
7 against any Released Persons.

8    11.    Class Members who do not timely and validly effect their exclusion from
9 the Class may complete and submit Proof of Claim and Release forms in accordance
10 with the instructions contained therein.  Unless the Court orders otherwise, all Proof
11 of Claim and Release forms must be postmarked no later than ninety (90) days from
12 the Notice Date.  Any Class Member who does not submit a Proof of Claim and
13 Release within the time provided for shall be barred from sharing in the distribution of
14 the proceeds of the Settlement Fund, unless otherwise ordered by the Court.
15 Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-
16 submitted claims for processing by the Claims Administrator so long as the
17 distribution of the Settlement Fund is not materially delayed thereby.

18    12.    Any member of the Class may enter an appearance in the Litigation, at
19 their own expense, individually or through counsel of their own choice, in which case
20 such counsel must file with the Clerk of the Court and deliver to Lead Counsel and
21 Defendants' counsel a notice of such appearance.  If they do not enter an appearance,
22 they will be represented by Lead Counsel.

23    13.    All papers in support of the settlement, Plan of Allocation, and any
24 application by counsel for plaintiffs for attorneys' fees and expenses shall be filed and
25 served no later than twenty-one (21) calendar days prior to the Settlement Hearing,
26 and all reply papers in support of such motions shall be filed and served no later than
27 seven (7) calendar days prior to the Settlement Hearing.

28

- 5 -

3 6

14.   Any Person falling within the definition of the Class may, upon request, be excluded from the Class.   Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than _____, 2010. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases, acquisitions, and sales of Occam common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased, acquired, and/or sold, and the price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

15.   Any member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel or the expenses of Lead Plaintiff reimbursed; provided, however, that no Class Member shall be heard or entitled to contest such matters, unless that Class Member has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before _____, 2010 by Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Wilson Sonsini Goodrich & Rosati, P.C., Jerome F. Birn, Jr., Gregory L. Watts, 650 Page Mill Road, Palo Alto, CA 94304-1050; Gibson, Dunn & Crutcher LLP, Scott A. Fink, 555 Mission Street, Suite 3000, San Francisco, CA 94105-2933; Cooley Godward Kronish LLP, Christopher Sundermeier, Five Palo Alto Square, 4th Floor, 3000 El Camino Real, Palo Alto, CA 94306-2155; Hayes Scott Bonino

37

1  Ellingson & McLay LLP, Stephen A. Scott, 203 Redwood Shores Parkway, Suite 480,
2  Redwood Shores, CA 94065; Morrison & Foerster, LLP, Jordan Eth, Philip T.
3  Besirof, Timothy W. Blakely, 425 Market Street, San Francisco, CA 94105-2482;
4  Garrett & Tully, Efren A. Compean, 225 South Lake Avenue, Suite 1400, Pasadena,
5  CA 91101, and filed said objections, papers, and briefs with the Clerk of the United
6  States District Court for the Central District of California, Western Division, on or
7  before _____, 2010. Any Person who does not make his, her or its objection in
8  the manner provided shall be deemed to have waived such objection and shall forever
9  be foreclosed from making any objection to the fairness or adequacy of the proposed
10 settlement as set forth in the Stipulation, to the Plan of Allocation, and to the award of
11 attorneys' fees and expenses to counsel for the Lead Plaintiff or the expenses of Lead
12 Plaintiff unless otherwise ordered by the Court.

13      16.    If this settlement, including any amendment made in accordance with the
14 Stipulation, is not approved by the Court or shall not become effective for any reason
15 whatsoever, the settlement (including any modification thereof made with the consent
16 of the Parties as provided for in the Stipulation) and any actions taken or to be taken in
17 connection therewith (including this Order, the certification of a settlement Class, and
18 any judgment entered herein), shall be terminated and shall become void and of no
19 further force and effect except as set forth in the Stipulation.

20      17.    All funds held by the Escrow Agent shall be deemed and considered to be
21 in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,
22 until such time as such funds shall be distributed pursuant to the Stipulation and/or
23 further order(s) of the Court.

24      18.    Neither Defendants and their Related Parties nor Defendants' counsel
25 shall have any responsibility for any Plan of Allocation or any application for
26 attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such
27 matters will be considered separately from the fairness, reasonableness, and adequacy
28 of the settlement.

38

1    19.    All reasonable expenses incurred in identifying and notifying Class
2  Members, as well as administering the Settlement Fund, shall be paid as set forth in
3  the Stipulation.  In the event the settlement is not approved by the Court, or otherwise
4  fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any
5  obligation to repay any amounts incurred or properly disbursed from the Notice and
6  Administration Fund pursuant to ¶¶2.6 or 2.7 of the Stipulation.

7    20.    Neither the Stipulation, nor any of its terms or provisions, nor any of the
8  negotiations or proceedings connected with it, shall be construed as an admission or
9  concession by Defendants of the truth of any of the allegations in the Litigation, or of
10  any liability, fault, or wrongdoing of any kind.  The Released Persons may file the
11  Stipulation and/or the Judgment in any action that may be brought against them in
12  order to support a defense or counterclaim based on principles of *res judicata*,
13  collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or
14  reduction, or any other theory of claim preclusion or issue preclusion or similar
15  defense or counterclaim.

16    21.    The Court reserves the right to adjourn the date of the Settlement Hearing
17  without further notice to the members of the Class, and retains jurisdiction to consider
18  all further applications arising out of or connected with the proposed settlement.  The
19  Court may approve the settlement, with such modifications as may be agreed to by the
20  Settling Parties, if appropriate, without further notice to the Class.

21
22
23
24
25
26
27
28

39

1     22.    The Court retains jurisdiction over this settlement to consider all further

2  matters arising therefrom, including enforcement of the release provided in the

3  Stipulation.

4     IT IS SO ORDERED.

5

6  DATED: _____    _____

7                              THE HONORABLE
                               CHRISTINA A. SNYDER
8                              UNITED STATES DISTRICT JUDGE

9  S:\Settlement\Occam Networks.set\(v2) EA-00062286.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40

**EXHIBIT A-1**

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
ANDREW J. BROWN (160562)
MATTHEW I. ALPERT (238024)
ERIC I. NIEHAUS (239023)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
elleng@csgrr.com
andrewb@csgrr.com
malpert@csgrr.com
eniehaus@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>OCCAM NETWORKS, INC., et al.,<br><br>     Defendants. | No. 2:07-cv-02750-CAS(SHx) **(Consolidated)**<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

4 1

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED OCCAM NETWORKS, INC. ("OCCAM") COMMON STOCK DURING THE PERIOD BETWEEN APRIL 29, 2004 THROUGH AND INCLUDING OCTOBER 15, 2007, INCLUSIVE ("CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2010.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, Western Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. The settlement resolves the Class's claims against Occam, Robert Howard-Anderson, Christopher B. Farrell, Howard Bailey, Steven M. Krausz, Robert B. Abbott, Thomas Weisel Partners LLC, USVP 5 Funds and USVP 7 Funds ("USVP"), Norwest Venture Partners, Norwest Venture VIII L.P. and NVP Entrepreneurs Fund VIII L.P. ("NVP"), PricewaterhouseCoopers LLP, and Singer Lewak Greenbaum & Goldstein LLP ("Singer Lewak"). This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $13,945,000 in cash and will include interest that accrues on the fund prior to distribution. Based on Lead Counsel's estimate of the number of shares entitled to participate in the settlement and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased or acquired Occam common

42

1  stock during the Class Period would be approximately $___ before deduction of

2  Court-approved fees and expenses. Your actual recovery from this fund will depend

3  on a number of variables, including the number of claimants, the number of shares

4  they purchased, the number of Occam common shares you purchased, the expense of

5  administering the claims process, and the timing of your purchases and sales, if any

6  (see the Plan of Allocation below for a more detailed description of how the

7  settlement proceeds will be allocated among Class Members).

8       Lead Plaintiff and Defendants do not agree on the average amount of damages

9  per share that would be recoverable if Lead Plaintiff was to have prevailed on each

10  claim asserted. The issues on which the parties disagree include: (1) whether the

11  statements made or facts allegedly omitted were false, material, or otherwise

12  actionable under the federal securities laws; (2) the extent to which the various matters

13  that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the

14  trading price of Occam common stock at various times during the Class Period; (3) the

15  extent to which the various allegedly adverse material facts that Lead Plaintiff alleged

16  were omitted influenced (if at all) the trading price of Occam common stock at various

17  times during the Class Period; (4) the extent to which external factors, such as general

18  market conditions, influenced the trading price of Occam common stock at various

19  times during the Class Period; (5) the effect of various market forces influencing the

20  trading price of Occam common stock at various times during the Class Period; (6) the

21  amount by which Occam common stock was allegedly artificially inflated (if at all)

22  during the Class Period; and (7) the appropriate economic model for determining the

23  amount by which Occam common stock was allegedly artificially inflated (if at all)

24  during the Class Period.

25       Lead Plaintiff believes that the proposed settlement is a good recovery and is in

26  the best interests of the Class. Because of the risks associated with continuing to

27  litigate and proceeding to trial, there was a danger that Lead Plaintiff would not have

28  prevailed on any of its claims, in which case the Class would receive nothing. For

43

1   example, Lead Plaintiff faced the possibility that all or many of the claims remaining
2   in this case could have been dismissed at summary judgment or trial. In addition, the
3   amount of damages recoverable by the Class was and is challenged by Defendants.
4   Recoverable damages in this case are limited to losses caused by conduct actionable
5   under applicable law and, had the Litigation gone to trial, Defendants intended to
6   assert that all of the losses of Class Members were caused by non-actionable market,
7   industry, or general economic factors. Defendants would also assert that throughout
8   the Class Period the uncertainties and risks associated with Occam's business and
9   financial condition were fully and adequately disclosed.

10         Plaintiffs' Counsel have not received any payment for their services in
11  conducting this Litigation on behalf of Lead Plaintiff and the members of the Class,
12  nor have they been reimbursed for their out-of-pocket expenditures. If the settlement
13  is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not
14  to exceed 25% of the settlement proceeds plus expenses not to exceed $350,000, both
15  to be paid from the Settlement Fund. If the amount requested by counsel is approved
16  by the Court, the average cost per share would be approximately $___.

17         This Notice is not an expression of any opinion by the Court about the merits of
18  any of the claims or defenses asserted by any party in this Litigation or the fairness or
19  adequacy of the proposed settlement.

20         For further information regarding this settlement you may contact: Rick
21  Nelson, c/o Shareholder Relations, Coughlin Stoia Geller Rudman & Robbins LLP,
22  655 West Broadway, Suite 1900, San Diego, California 92101, Telephone: 800/449-
23  4900. Please do not call any representative of the Defendants or the Court.

24  **I.    NOTICE OF HEARING ON PROPOSED SETTLEMENT**

25         A settlement hearing (the "Settlement Hearing") will be held on _____,
26  2010, at __:__ __.m., before the Honorable Christina A. Snyder, United States District
27  Judge, at the Central District of California, Western Division, 312 North Spring Street,
28  Los Angeles, California. The purpose of the Settlement Hearing will be to determine:

44

1  (1) whether the settlement consisting of $13,945,000 in cash plus accrued interest
2  should be approved as fair, reasonable, and adequate to each of the Settling Parties;
3  (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of
4  Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead
5  Counsel for an award of attorneys' fees and expenses should be approved and the
6  expenses of Lead Plaintiff reimbursed; and (4) whether the Litigation should be
7  dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing
8  without further notice to the Class.

9  **II.     DEFINITIONS USED IN THIS NOTICE**

10     1.     "Authorized Claimant" means any Class Member whose claim for
11  recovery has been allowed pursuant to the terms of the Stipulation of Settlement filed
12  with the Court on _____ (the "Stipulation").

13     2.     "Claims Administrator" means the firm of Gilardi & Co. LLC.

14     3.     "Class" means all Persons or entities (and their beneficiaries) who (a)
15  purchased or otherwise acquired the common stock of Occam between April 29, 2004
16  and October 15, 2007, inclusive, and/or (b) purchased during the Class Period the
17  common stock of Occam in or traceable to Occam's November 2006 secondary public
18  offering. Excluded from the Class are the Defendants, members of the immediate
19  families of the Defendants, the former and current directors, officers, subsidiaries and
20  affiliates of the Defendants, as well as any person, firm, trust, corporation, officer,
21  director or other individual or entity in which any Defendant has a controlling interest
22  and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any
23  such excluded party. Also excluded from the Class are those Persons who timely and
24  validly request exclusion from the Class pursuant to this Notice.

25     4.     "Class Member" or "Class Members" mean any Person who falls within
26  the definition of the Class as set forth above.

27
28

1    5.    "Effective Date" means the first date by which all of the events and
2  conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

3    6.    "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP
4  or its successor(s).

5    7.    "Final" means when the last of the following with respect to the
6  Judgment approving the Stipulation shall occur: (i) the expiration of three (3) business
7  days after the time to file a motion to alter or amend the Judgment under Federal Rule
8  of Civil Procedure 59(e) has passed without any such motion having been filed; (ii)
9  the expiration of three (3) business days after the time in which to appeal the
10 Judgment has passed without any appeal having been taken (which date shall be
11 deemed to be thirty-three (33) days following the entry of the Judgment, unless the
12 date to take such an appeal shall have been extended by Court order or otherwise, or
13 unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case
14 the date for purposes of the Stipulation shall be deemed to be the next business day
15 after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or
16 if an appeal is taken, three (3) business days after the determination of that motion or
17 appeal (including any petition for writ of certiorari) in such a manner as to permit the
18 consummation of the settlement substantially in accordance with the terms and
19 conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall not
20 include any appeal that concerns only the issue of attorneys' fees and expenses or the
21 Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or
22 petition for a writ of certiorari pertaining solely to any plan of distribution and/or
23 application for attorneys' fees, costs, or expenses, shall not in any way delay or
24 preclude the Judgment from becoming Final.

25    8.    "Judgment" means the judgment to be rendered by the Court,
26 substantially in the form attached to the Stipulation as Exhibit B.

27    9.    "Lead Plaintiff" means NECA-IBEW Pension Fund (The Decatur Plan).
28

46

10.    "Occam" means Occam Networks, Inc. and its subsidiaries, divisions, affiliates, predecessors, and successors.

11.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

12.    "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

13.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

14.    "PWC" means PricewaterhouseCoopers LLP.

15.    "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, general partners, limited partners, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest, or, in the case of USVP and NVP, any and all related venture capital funds and management entities, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, general partners, limited partners, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

47

16. "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined below), and causes of action of every nature and description, in law or equity, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, whether class and/or individual in nature that a) Lead Plaintiff or any member of the Class asserted, or could have asserted in this Litigation against any of the Released Persons, or b) that could have been asserted in this Litigation, or any other action or forum by Lead Plaintiff and/or the members of the Class or any of them against any of the Released Persons arising out of, or relating to, directly or indirectly, to the purchase or acquisition of Occam common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which were alleged or that could have been alleged in the Complaint.

17. "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

18. "Settlement Fund" means the principal amount of Thirteen Million Nine Hundred and Forty-Five Thousand Dollars ($13,945,000) in cash, to be paid pursuant to the terms of the Stipulation, plus all interest earned thereon.

19. "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of itself and each of the Class Members.

20. "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

21. "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.

48

### III.   THE LITIGATION

On and after April 26, 2007, two securities class actions were filed in the United States District Court for the Central District of California, Western Division on behalf of a class of purchasers of the common stock of Occam during defined periods of time. On July 30, 2007, the Court entered an Order consolidating all of these cases under the caption entitled *Batwin v. Occam Networks, Inc., et al.*, No. 2:07-cv-02750-CAS(SHx) (the "Litigation"), and appointing the NECA-IBEW Pension Fund (The Decatur Plan) as Lead Plaintiff and approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

On November 16, 2007, Lead Plaintiff filed its consolidated complaint (the "Complaint"). The Complaint alleges violations of §§11 and 15 of the Securities Act of 1933 and §§10(b), 20(a) and 20A of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder on behalf of (a) all persons or entities (and their beneficiaries) who purchased or otherwise acquired the common stock of Occam between April 29, 2004 and October 15, 2007, inclusive; and (b) all persons or entities (and their beneficiaries) who purchased during the Class Period the common stock of Occam in or traceable to Occam's November 2006 secondary public offering, against the Defendants.

Each Defendant moved to dismiss the Complaint, and on July 1, 2008, the Court granted in part and denied in part, the motions to dismiss. On July 16, 2008, Lead Plaintiff filed an amended complaint to conform to the Court's order on the motion to dismiss (the "Amended Complaint"). Defendants answered the Amended Complaint on August 29, 2008. The parties filed their joint case management report on November 10, 2008.

On November 20, 2008, the parties engaged in an all-day mediation, but were unable to resolve the Litigation. Discovery began thereafter.

49

On June 4, 2009, Lead Plaintiff and Defendants again engaged in mediation, but were unable to reach an agreement to settle the Litigation. Following additional negotiations, Lead Plaintiff and certain defendants reached an agreement-in-principle to resolve their claims, and on September 10, 2009, signed a Memorandum of Understanding setting out their agreement. Lead Plaintiff and Singer Lewak reached an agreement to settle their claims on October 15, 2009, and following further negotiations, Lead Plaintiff and Defendants entered into the Stipulation on November 2, 2009.

## IV. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff is also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiff and the Class.

## V. THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation; continue to believe the claims asserted against them in the Amended Complaint are without

50

1 merit; and have agreed to enter into the settlement solely to avoid the expense,

2 distraction, time, and uncertainty associated with continuing the Litigation.

3      Nonetheless, Defendants have concluded that further conduct of the Litigation

4 would be protracted and expensive and that it is desirable that the Litigation be fully

5 and finally settled in the manner and upon the terms and conditions set forth in the

6 Stipulation. They also have taken into account the uncertainty and risks inherent in

7 any litigation, especially in complex cases like this Litigation and have, therefore,

8 determined that it is desirable and beneficial to them that the Litigation be settled in

9 the manner and upon the terms and conditions set forth in the Stipulation.

10 **VI.   TERMS OF THE PROPOSED SETTLEMENT**

11      The amount of $13,945,000 has been transferred to an interest-bearing escrow

12 account under the control of the Escrow Agent. This principal amount of $13,945,000

13 in cash, plus any accrued interest, shall constitute the Settlement Fund. A portion of

14 the settlement proceeds will be used for certain administrative expenses, including

15 costs of printing and mailing this Notice, the cost of publishing a newspaper notice,

16 payment of any taxes assessed against the Settlement Fund, and costs associated with

17 the processing of claims submitted. In addition, as explained below, a portion of the

18 Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and

19 for expenses incurred in reaching the settlement, and to Lead Plaintiff for

20 reimbursement of its expenses. The balance of the Settlement Fund (the "Net

21 Settlement Fund") will be distributed according to the Plan of Allocation described

22 below to Class Members who submit valid and timely Proof of Claim and Release

23 forms.

24 **VII.  PLAN OF ALLOCATION**

25      The Net Settlement Fund will be distributed to Class Members who submit

26 valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the

27 Plan of Allocation described below. The Plan of Allocation provides that you will be

28

5 1

1  eligible to participate in the distribution of the Net Settlement Fund only if you have a
2  net loss on all transactions in Occam common stock during the Class Period.

3      For purposes of determining the amount an Authorized Claimant may recover
4  under the Plan of Allocation, Lead Plaintiff's counsel have consulted with their
5  damage consultants.  The Plan of Allocation reflects an assessment of the damages
6  that could have been recovered as well as Lead Plaintiff's counsel's assessment of the
7  likelihood of establishing liability for various periods of the Class.

8      To the extent there are sufficient funds in the Net Settlement Fund, each
9  Authorized Claimant will receive an amount equal to the Authorized Claimant's
10  claim, as defined below.  If, however, the amount in the Net Settlement Fund is not
11  sufficient to permit payment of the total claim of each Authorized Claimant, then each
12  Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each
13  Authorized Claimant's claim bears to the total of the claims of all Authorized
14  Claimants. Payment in this manner shall be deemed conclusive against all Authorized
15  Claimants.

16      The total of all profits shall be subtracted from the total of all losses from
17  transactions during the Class Period to determine if a Class Member has a claim.
18  Only if a Class Member had a net loss, after all profits from transactions in Occam
19  common stock during the Class Period are subtracted from all losses, will such Class
20  Member be eligible to receive a distribution from the Net Settlement Fund.

21      A claim shall be calculated as follows.

22  The allocation below is based on the following price declines as well as the
   statutory PSLRA 90-day look back amount of $4.03:

23  February 2, 2007 Price Decline:$3.50
24  April 3, 2007 Price Decline:        $2.59
   April 18, 2007 Price Decline:       $0.37
25  October 16, 2007 Price Decline:     $2.94

26  Proposed Allocation

27      1.    For shares of Occam common stock *purchased or acquired on or*
28  *between April 29, 2004 through February 1, 2007*, the claim per share shall

- 11 -                                                5 2

be as follows:

a)  If sold prior to February 2, 2007, the claim per share is zero.

b)  If sold on or between February 2, 2007 through April 2, 2007, the claim per share shall be the lesser of (i) $3.50 (February 2, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price.

c)  If sold on or between April 3, 2007 through April 17, 2007, the claim per share shall be the lesser of (i) $6.09 (February 2, 2007 and April 3, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price.

d)  If sold on or between April 18, 2007 through October 15, 2007, the claim per share shall be the lesser of (i) $6.46 (February 2, 2007, April 3, 2007 and April 18, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price.

e)  If retained at the end of October 15, 2007 and sold before January 11, 2008, the claim per share shall be the lesser of (i) $9.40 (February 2, 2007, April 3, 2007, April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

f)  If retained, or sold, on or after January 11, 2008, the claim per share shall be the lesser of (i) $9.40 (February 2, 2007, April 3, 2007, April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price per share and $4.03 per share.

2.  For shares of Occam common stock *purchased or acquired on or between February 2, 2007 through April 2, 2007*, the claim per share shall be as follows:

a)  If sold prior to April 3, 2007, the claim per share is zero.

b)  If sold on or between April 3, 2007 through April 17, 2007, the claim per share shall be the lesser of (i) $2.59 (April 3, 2007 Price

- 12 -

53

Decline), or (ii) the difference between the purchase price and the selling price.

c)  If sold on or between April 18, 2007 through October 15, 2007, the claim per share shall be the lesser of (i) $2.96 (April 3, 2007 and April 18, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price.

d)  If retained at the end of October 15, 2007 and sold before January 11, 2008, the claim per share shall be the lesser of (i) $5.90 (April 3, 2007, April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

e)  If retained, or sold, on or after January 11, 2008, the claim per share shall be the lesser of (i) $5.90 (April 3, 2007, April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price per share and $4.03 per share.

3.    For shares of Occam common stock *purchased or acquired on or between April 3, 2007 through April 17, 2007*, the claim per share shall be as follows:

a)  If sold prior to April 18, 2007, the claim per share is zero.

b)  If sold on or between April 18, 2007 through October 15, 2007, the claim per share shall be the lesser of (i) $0.37 (April 18, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price.

c)  If retained at the end of October 15, 2007 and sold before January 11, 2008, the claim per share shall be the lesser of (i) $3.31 (April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

d)  If retained, or sold, on or after January 11, 2008, the claim per

54

share shall be the lesser of (i) $3.31 (April 18, 2007 and October 16, 2007 Price Declines), or (ii) the difference between the purchase price per share and $4.03 per share.

4.    For shares of Occam common stock **purchased or acquired on or between April 18, 2007 through October 15, 2007**, the claim per share shall be as follows:

a)  If sold prior to October 16, 2007, the claim per share is zero.

b)  If retained at the end of October 15, 2007 and sold before January 11, 2008, the claim per share shall be the lesser of (i) $2.94 (October 16, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c)  If retained, or sold, on or after January 11, 2008, the claim per share shall be the lesser of (i) $2.94 (October 16, 2007 Price Decline), or (ii) the difference between the purchase price per share and $4.03 per share.

## CALL OPTIONS

A.    For call options on Occam common stock **purchased from April 29, 2004 through October 15, 2007**, and

a) **held** at the end of any of the following days:  February 1, 2007, April 2, 2007, April 17, 2007, and/or October 15, 2007, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

b) **not held** at the end of any of the following days:  February 1, 2007, April 2, 2007, April 17, 2007, and/or October 15, 2007, the claim per call option is $0.

B.    For call options on Occam common stock **written from April 29, 2004 through October 15, 2007**, the claim per call option is $0.

## PUT OPTIONS

A.    For put options on Occam common stock **written from April 29, 2004 through October 15, 2007**, and

55

1

     a) *held* at the end of any of the following days:  February 1, 2007, April 2, 2007, April 17, 2007, and/or October 15, 2007, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

2

3

     b) *not held* at the end of any of the following days:  February 1, 2007, April 2, 2007, April 17, 2007, and/or October 15, 2007, the claim per put option is $0.

4

5

B.    For put options on Occam common stock *purchased from April 29, 2004 through October 15, 2007*, the claim per put option is $0.

6

Note:  In the case the option was exercised for Occam common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Occam common stock's closing price on the date the option was exercised.

7

8

9

    Note:  The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

10

11

12

### Section 11 Claims for the November 2006 Secondary Public Offering

13

Initial Public Offering Price:             $14.00 per share
Closing Price on the date the lawsuit was filed[1] :  $ 9.91 per share

14

For shares of Occam acquired *pursuant to, and traceable to, the Company's offering prospectus dated November 1, 2006*, and

15

16

1)    sold prior to April 26, 2007, the claim per share is the lesser of (i) the purchase price per share less the sales price per share, or (ii) $14.00 less the sales price per share.

17

18

2)    retained at the end of, or sold on or after April 26, 2007, the claim per share is the lesser of (i) the purchase price per share less the sales price per share, or (ii) $14.00 less $9.91.

19

20

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 16-Oct-07 | $6.29 | $6.29 |
| 17-Oct-07 | $5.88 | $6.09 |
| 18-Oct-07 | $6.00 | $6.06 |
| 19-Oct-07 | $6.00 | $6.04 |
| 22-Oct-07 | $6.00 | $6.03 |
| 23-Oct-07 | $5.50 | $5.95 |
| 24-Oct-07 | $5.31 | $5.85 |
| 25-Oct-07 | $5.17 | $5.77 |
| 26-Oct-07 | $5.12 | $5.70 |

21

22

23

24

25

26

27

[1]    First Class Action Complaint filed on April 26, 2007.

28

56

| | | |
|---|---|---|
| 29-Oct-07 | $5.46 | $5.67 |
| 30-Oct-07 | $5.92 | $5.70 |
| 31-Oct-07 | $5.63 | $5.69 |
| 1-Nov-07 | $5.13 | $5.65 |
| 2-Nov-07 | $5.05 | $5.60 |
| 5-Nov-07 | $4.92 | $5.56 |
| 6-Nov-07 | $4.50 | $5.49 |
| 7-Nov-07 | $4.35 | $5.43 |
| 8-Nov-07 | $4.21 | $5.36 |
| 9-Nov-07 | $4.33 | $5.30 |
| 12-Nov-07 | $3.90 | $5.23 |
| 13-Nov-07 | $4.00 | $5.17 |
| 14-Nov-07 | $3.29 | $5.09 |
| 15-Nov-07 | $3.36 | $5.01 |
| 16-Nov-07 | $3.29 | $4.94 |
| 19-Nov-07 | $2.98 | $4.86 |
| 20-Nov-07 | $2.74 | $4.78 |
| 21-Nov-07 | $2.86 | $4.71 |
| 23-Nov-07 | $2.72 | $4.64 |
| 26-Nov-07 | $3.44 | $4.60 |
| 27-Nov-07 | $3.19 | $4.55 |
| 28-Nov-07 | $3.50 | $4.52 |
| 29-Nov-07 | $3.44 | $4.48 |
| 30-Nov-07 | $3.87 | $4.47 |
| 3-Dec-07 | $3.89 | $4.45 |
| 4-Dec-07 | $3.82 | $4.43 |
| 5-Dec-07 | $3.50 | $4.40 |
| 6-Dec-07 | $3.94 | $4.39 |
| 7-Dec-07 | $4.09 | $4.38 |
| 10-Dec-07 | $4.06 | $4.38 |
| 11-Dec-07 | $4.00 | $4.37 |
| 12-Dec-07 | $4.00 | $4.36 |
| 13-Dec-07 | $4.02 | $4.35 |
| 14-Dec-07 | $3.75 | $4.34 |
| 17-Dec-07 | $3.50 | $4.32 |
| 18-Dec-07 | $3.30 | $4.29 |
| 19-Dec-07 | $3.10 | $4.27 |
| 20-Dec-07 | $3.38 | $4.25 |
| 21-Dec-07 | $3.35 | $4.23 |
| 24-Dec-07 | $3.38 | $4.21 |
| 26-Dec-07 | $3.31 | $4.19 |
| 27-Dec-07 | $3.20 | $4.18 |
| 28-Dec-07 | $3.33 | $4.16 |
| 31-Dec-07 | $3.56 | $4.15 |
| 2-Jan-08 | $3.80 | $4.14 |
| 3-Jan-08 | $3.45 | $4.13 |
| 4-Jan-08 | $3.42 | $4.12 |
| 7-Jan-08 | $3.14 | $4.10 |
| 8-Jan-08 | $3.21 | $4.08 |
| 9-Jan-08 | $3.03 | $4.07 |
| 10-Jan-08 | $2.95 | $4.05 |
| 11-Jan-08 | $2.95 | $4.03 |

57

1    The date of purchase or sale is the "contract" or "trade" date as distinguished
2    from the "settlement" date. The determination of the price paid per share and the
3    price received per security, shall be exclusive of all commissions, taxes, fees, and
4    charges.

5    For Class Members who held Occam common stock at the beginning of the
6    Class Period or made multiple purchases or sales during the Class Period, the first-in,
7    first-out ("FIFO") method will be applied to such holdings, purchases, and sales for
8    purposes of calculating a claim. Under the FIFO method, sales of shares during the
9    Class Period will be matched, in chronological order, first against shares held at the
10   beginning of the Class Period. The remaining sales of shares during the Class Period
11   will then be matched, in chronological order, against shares purchased during the
12   Class Period.

13   A Class Member will be eligible to receive a distribution from the Net
14   Settlement Fund only if such Class Member had a net loss, after all profits from
15   transactions in Occam common stock during the Class Period are subtracted from all
16   losses. However, the proceeds from sales of shares which have been matched against
17   shares held at the beginning of the Class Period will not be used in the calculation of
18   such net loss.

19   The Court has reserved jurisdiction to allow, disallow, or adjust the claim of
20   any Class Member on equitable grounds.

21   **VIII. ORDER CERTIFYING A CLASS FOR PURPOSES OF**
22   **SETTLEMENT**

23   On _____, 2009, the Court certified a class. The Class is defined
24   above.

25   **IX.    PARTICIPATION IN THE CLASS**

26   If you fall within the definition of the Class, you are a Class Member unless you
27   elect to be excluded from the Class pursuant to this Notice. If you do not request to be
28   excluded from the Class, you will be bound by any judgment entered with respect to

58

1 | the settlement in the Litigation against Defendants whether or not you file a Proof of

2 | Claim and Release form.

3 |     *If you are a Class Member, you need do nothing (other than timely file a*

4 | *Proof of Claim and Release form if you wish to participate in the distribution of the*

5 | *Net Settlement Fund). Your interests will be represented by Lead Counsel*. If you

6 | choose, you may enter an appearance individually or through your own counsel at

7 | your own expense.

8 |     TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT

9 | FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF

10 | CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE. The

11 | Proof of Claim and Release must be postmarked on or before _____, 2010, and

12 | delivered to the Claims Administrator at the address below. Unless the Court orders

13 | otherwise, if you do not timely submit a valid Proof of Claim and Release form, you

14 | will be barred from receiving any payments from the Net Settlement Fund, but will in

15 | all other respects be bound by the provisions of the Stipulation and the Judgment.

16 | **X.    EXCLUSION FROM THE CLASS**

17 |     You may request to be excluded from the Class. To do so, you must mail a

18 | written request stating that you wish to be excluded from the Class to:

19 |         *Occam Securities Litigation*

20 |         Claims Administrator
        c/o Gilardi & Co. LLC

21 |         P.O. Box 5100

22 |         Larkspur, CA 94977-5100

23 |     The request for exclusion must state: (1) your name, address, and telephone

24 | number; and (2) all purchases, acquisitions, and sales of Occam common stock made

25 | during the Class Period, including the dates of each purchase, acquisition, or sale, and

26 | the number of shares purchased, acquired, or sold. YOUR EXCLUSION REQUEST

27 | MUST BE POSTMARKED ON OR BEFORE _____, 2010. If you

28 | submit a valid and timely request for exclusion, you shall have no rights under the

5 9

1    settlement, shall not share in the distribution of the Net Settlement Fund, and shall not
2    be bound by the Stipulation or the Judgment.

3    **XI.    DISMISSAL AND RELEASES**

4        If the proposed settlement is approved, the Court will enter a Final Judgment
5    and Order of Dismissal with Prejudice (the "Judgment"). The Judgment will dismiss
6    the Released Claims with prejudice as to all Defendants.

7        The Judgment will provide that all Class Members who have not previously
8    validly and timely requested to be excluded from the Class shall be deemed to have
9    released and forever discharged all Released Claims (to the extent members of the
10   Class have such claims) against all Released Persons.

11   **XII.    APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

12       At the Settlement Hearing, Lead Counsel will request the Court to award
13   attorneys' fees of 25% of the Settlement Fund, plus expenses, not to exceed $350,000,
14   which were advanced in connection with the Litigation, plus interest thereon. Lead
15   Plaintiff may also seek reimbursement of its expenses incurred in representing the
16   Class in the Litigation. Class Members are not personally liable for any such fees,
17   expenses, or compensation.

18       To date, Lead Counsel have not received any payment for their services in
19   conducting this Litigation on behalf of Lead Plaintiff and the members of the Class,
20   nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested
21   by Lead Counsel would compensate counsel for their efforts in achieving the
22   Settlement Fund for the benefit of the Class, and for their risk in undertaking this
23   representation on a contingency basis. The fee requested is within the range of fees
24   awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

25   **XIII. CONDITIONS FOR SETTLEMENT**

26       The settlement is conditioned upon the occurrence of certain events described in
27   the Stipulation. Those events include, among other things: (1) entry of the Judgment
28

- 19 -                                        **60**

by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of September 12, 2009.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or reimbursement of Lead Plaintiff's expenses, may appear and be heard at the Settlement Hearing.  Any such Person must submit and serve a written notice of objection, to be received on or before _____, 2010, by each of the following:

<pre>
            CLERK OF THE COURT
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
            WESTERN DIVISION
            312 North Spring Street
            Los Angeles, CA  90012

            COUGHLIN STOIA GELLER RUDMAN
              & ROBBINS LLP
            ELLEN GUSIKOFF STEWART
            655 West Broadway, Suite 1900
            San Diego, CA  92101

            Lead Counsel for Plaintiffs

            WILSON SONSINI GOODRICH & ROSATI, P.C.
            JEROME F. BIRN, JR.
            GREGORY L. WATTS
            650 Page Mill Road
            Palo Alto, CA 94304-1050
</pre>

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. FINK
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933

COOLEY GODWARD KRONISH LLP
CHRISTOPHER SUNDERMEIER
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155

HAYES SCOTT BONINO ELLINGSON & MCLAY LLP
STEPHEN A. SCOTT
203 Redwood Shores Parkway, Suite 480
Redwood Shores, CA 94065

MORRISON & FOERSTER, LLP
JORDAN ETH
PHILIP T. BESIROF
TIMOTHY W. BLAKELY
425 Market Street
San Francisco, CA 94105-2482

GARRETT & TULLY
EFREN A. COMPEAN
225 South Lake Avenue, Suite 1400
Pasadena, CA 91101

Counsel for Defendants

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Occam common stock purchased, acquired, and sold during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.   SPECIAL NOTICE TO NOMINEES

If you hold or held any Occam common stock during the Class Period as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Occam Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Central District of California, Western Division, 312 North Spring Street, Los Angeles, California 90012.

63

1    If you have any questions about the settlement of the Litigation, you may

2  contact a representative of Lead Counsel: Coughlin Stoia Geller Rudman & Robbins

3  LLP, Rick Nelson, c/o Shareholder Relations, 655 West Broadway, Suite 1900, San

4  Diego, CA  92101, 1-800-449-4900.

5    **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

6

7  DATED:  _____, 2009      BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      CENTRAL DISTRICT OF CALIFORNIA
8                                     WESTERN DIVISION

9

10  S:\Settlement\Occam Networks.set\(v2) A1-00062391.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-2**

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  DARREN J. ROBBINS (168593)
   ELLEN GUSIKOFF STEWART (144892)
3  ANDREW J. BROWN (160562)
   MATTHEW I. ALPERT (238024)
4  ERIC I. NIEHAUS (239023)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   darrenr@csgrr.com
7  elleng@csgrr.com
   andrewb@csgrr.com
8  malpert@csgrr.com
   eniehaus@csgrr.com
9
   Lead Counsel for Plaintiffs
10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

14

15  LAURI S. BATWIN, On Behalf of      )  No. 2:07-cv-02750-CAS(SHx)
    Herself and All Others Similarly   )  **(Consolidated)**
16  Situated,                          )
                                       )  CLASS ACTION
17                      Plaintiff,     )
                                       )  PROOF OF CLAIM AND RELEASE
18        vs.                          )
                                       )  EXHIBIT A-2
19  OCCAM NETWORKS, INC., et al.,      )
                                       )
20                      Defendants.    )
                                       )
21  ─────────────────────────────────

22

23

24

25

26

27

28

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the consolidated action entitled *Batwin v. Occam Networks, Inc., et al.*, No. 2:07-cv-02750-CAS(SHx) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2010, ADDRESSED AS FOLLOWS**:

> *Occam Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action), DO NOT submit a Proof of Claim and Release form.

4.    If you are a member of the Class and you have not timely requested exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    DEFINITIONS

1.    "Defendants" means Occam, Robert Howard-Anderson, Christopher B. Farrell, Howard Bailey, Steven M. Krausz, Robert B. Abbott, Thomas Weisel Partners LLC, USVP 5 Funds and USVP 7 Funds, Norwest Venture Partners, Norwest Venture

**6 6**

1 | VIII L.P. and NVP Entrepreneurs Fund VIII L.P., PricewaterhouseCoopers LLP, and
2 | Singer Lewak Greenbaum & Goldstein LLP.

3    2.    "Related Parties" means, with respect to each Defendant, the immediate
4 family members, heirs, executors, administrators, successors, assigns, present and
5 former employees, officers, directors, general partners, limited partners, attorneys,
6 assigns, legal representatives, insurers, reinsurers, and agents of each of them, and any
7 person or entity which is or was related to or affiliated with any Defendant or in which
8 any Defendant has or had a controlling interest, or, in the case of USVP and NVP, any
9 and all related venture capital funds and management entities, and the present and
10 former parents, subsidiaries, divisions, affiliates, predecessors, successors, general
11 partners, limited partners, employees, officers, directors, attorneys, assigns, legal
12 representatives, insurers, reinsurers, and agents of each of them.

13    3.    "Released Persons" means each and all of the Defendants and each and
14 all of their Related Parties.

15 **III.    CLAIMANT IDENTIFICATION**

16    1.    If you purchased or acquired Occam common stock and held the
17 certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the
18 record purchaser or acquirer. If, however, you purchased or acquired Occam common
19 stock and the certificate(s) were registered in the name of a third party, such as a
20 nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third
21 party is the record purchaser or acquirer.

22    2.    Use Part I of this form entitled "Claimant Identification" to identify each
23 purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser
24 or acquirer of Occam common stock which forms the basis of this claim. THIS
25 CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR
26 ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S)
27
28

6 7

1  OR ACQUIRER(S) OF THE OCCAM COMMON STOCK UPON WHICH THIS
2  CLAIM IS BASED.

3      3.      All joint purchasers or acquirers must sign this claim. Executors,
4  administrators, guardians, conservators, and trustees must complete and sign this
5  claim on behalf of Persons represented by them and their authority must accompany
6  this claim and their titles or capacities must be stated. The Social Security (or
7  taxpayer identification) number and telephone number of the beneficial owner may be
8  used in verifying the claim. Failure to provide the foregoing information could delay
9  verification of your claim or result in rejection of the claim.

10 **IV.    CLAIM FORM**

11     1.      Use Part II of this form entitled "Schedule of Transactions in Occam
12 Common Stock" to supply all required details of your transaction(s) in Occam
13 common stock. If you need more space or additional schedules, attach separate sheets
14 giving all of the required information in substantially the same form. Sign and print or
15 type your name on each additional sheet.

16     2.      On the schedules, provide all of the requested information with respect to
17 *all* of your purchases or acquisitions of Occam common stock which took place at any
18 time between April 29, 2004 and October 15, 2007, inclusive (the "Class Period"),
19 and *all* of your sales of Occam common stock which took place at any time between
20 April 29, 2004 and January 11, 2008, inclusive, including those shares of Occam
21 common stock purchased in or traceable to Occam's November 2006 secondary
22 public offering, whether such transactions resulted in a profit or a loss. Failure to
23 report all such transactions may result in the rejection of your claim.

24     3.      List each transaction in the Class Period separately and in chronological
25 order, by trade date, beginning with the earliest. You must accurately provide the
26 month, day and year of each transaction you list.

27

28

- 3 -

68

1        4.    The date of covering a "short sale" is deemed to be the date of purchase

2    of Occam common stock.  The date of a "short sale" is deemed to be the date of sale

3    of Occam common stock.

4        5.    Broker confirmations or other documentation of your transactions in

5    Occam common stock should be attached to your claim.  Failure to provide this

6    documentation could delay verification of your claim or result in rejection of your

7    claim.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

69

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    WESTERN DIVISION

4    PROOF OF CLAIM AND RELEASE

5    Must be Postmarked No Later Than:
     _____, 2010

6
     Please Type or Print
7

8    PART I:    CLAIMANT IDENTIFICATION

9    _____

10   Beneficial Owner's Name (First, Middle, Last)

11   _____

12   Street Address

13   _____

14   City                          State or Province

15   _____

16   Zip Code or Postal Code       Country

17   _____   _____  Individual
     Social Security Number or              Corporation/Other
18   Taxpayer Identification Number _____

19   _____  _____

20   Area Code         Telephone Number (work)

21   _____  _____

22   Area Code         Telephone Number (home)

23   _____

24   Record Owner's Name (if different from beneficial owner listed above)

25

26

27

28

7 0

PART II:    SCHEDULE OF TRANSACTIONS IN OCCAM COMMON STOCK

A.    Number of shares of Occam common stock held at the beginning of trading on April 29, 2004: _____

B.    Purchases or acquisitions (April 29, 2004 – October 15, 2007, inclusive) of Occam common stock:

| Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition<br>Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Number of shares of Occam common stock purchased in or traceable to Occam's November 2006 secondary public offering:

| Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase<br>Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

D.    Sales (April 29, 2004 – January 11, 2008, inclusive) of Occam common stock:

| Trade Date<br>Mo. Day Year | Number of Shares Sold | Total Sales<br>Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

E.    Number of shares of Occam common stock held at the close of trading on January 11, 2008: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

71

1    **V.    SUBMISSION TO JURISDICTION OF COURT AND**
2    **ACKNOWLEDGMENTS**

3       I (We) submit this Proof of Claim and Release under the terms of the
4    Stipulation of Settlement described in the Notice.  I (We) also submit to the
5    jurisdiction of the United States District Court for the Central District of California,
6    Western Division, with respect to my (our) claim as a Class Member and for purposes
7    of enforcing the release set forth herein.  I (We) further acknowledge that I am (we
8    are) bound by and subject to the terms of any judgment that may be entered in the
9    Litigation.  I (We) agree to furnish additional information to the Claims Administrator
10   or Lead Counsel to support this claim if required to do so.  I (We) have not submitted
11   any other claim covering the same purchases or sales of Occam common stock during
12   the Class Period and know of no other Person having done so on my (our) behalf.

13   **VI.    RELEASE**

14       1.    I (We) hereby acknowledge full and complete satisfaction of, and do
15   hereby fully, finally, and forever settle, release, and discharge from the Released
16   Claims, each and all of the "Released Persons," including each and all of the
17   Defendants and each and all of their Related Parties.

18       2.    "Released Claims" means any and all rights, demands, claims (including
19   "Unknown Claims" as defined below), and causes of action of every nature and
20   description, in law or equity, whether arising under federal, state, local, statutory,
21   common law, foreign law, or any other law, rule, or regulation, whether fixed or
22   contingent, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured,
23   whether class and/or individual in nature that a) Lead Plaintiff or any member of the
24   Class asserted, or could have asserted in this Litigation against any of the Released
25   Persons, or b) that could have been asserted in this Litigation, or any other action or
26   forum by Lead Plaintiff and/or the members of the Class or any of them against any of
27   the Released Persons arising out of, or relating to, directly or indirectly, to the
28   purchase or acquisition of Occam common stock during the Class Period, and the

- 7 -

72

1  facts, matters, allegations, transactions, events, disclosures, statements, acts, or
2  omissions which were alleged or that could have been alleged in the Complaint.

3      3.      "Unknown Claims" means all claims, demands, rights, liabilities, and
4  causes of action of every nature and description which Lead Plaintiff or any Class
5  Member does not know or suspect to exist in his, her or its favor at the time of the
6  release of the Released Persons which, if known by him, her or it, might have affected
7  his, her or its settlement with and release of the Released Persons, or might have
8  affected his, her or its decision not to object to this settlement.

9      4.      This release shall be of no force or effect unless and until the Court
10  approves the Stipulation of Settlement and the Stipulation becomes effective on the
11  Effective Date (as defined in the Stipulation).

12      5.      I (We) hereby warrant and represent that I (we) have not assigned or
13  transferred or purported to assign or transfer, voluntarily or involuntarily, any matter
14  released pursuant to this release or any other part or portion thereof.

15      6.      I (We) hereby warrant and represent that I (we) have included
16  information about all of my (our) transactions in Occam common stock which
17  occurred during the Class Period as well as the number of shares of Occam common
18  stock held by me (us) at the beginning of trading on April 29, 2004, and at the close of
19  trading on January 11, 2008.

20      I declare under penalty of perjury under the laws of the United States of
21  America that the foregoing information supplied by the undersigned is true and
22  correct.

23      Executed this _____ day of _____,
                                    (Month/Year)
24
25  in _____, _____.
              (City)                  (State/Country)
26

27  _____
                          (Sign your name here)
28

73

1

————————————————————————————————————

(Type or print your name here)

2

3

————————————————————————————————————

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

4

5      **ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**

6      **THANK YOU FOR YOUR PATIENCE.**

7   Reminder Checklist:

8       1.    Please sign the above release and declaration.

9       2.    Remember to attach supporting documentation, if available.

10      3.    Do not send original stock certificates.

11      4.    Keep a copy of your claim form for your records.

12      5.    If you desire an acknowledgment of receipt of your claim form, please
             send it Certified Mail, Return Receipt Requested.

13

14      6.    If you move, please send us your new address.

15   S:\Settlement\Occam Networks.set\(v2) A2-00062303.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

7 4

**EXHIBIT A-3**

1 | COUGHLIN STOIA GELLER
  |   RUDMAN & ROBBINS LLP
2 | DARREN J. ROBBINS (168593)
  | ELLEN GUSIKOFF STEWART (144892)
3 | ANDREW J. BROWN (160562)
  | MATTHEW I. ALPERT (238024)
4 | ERIC I. NIEHAUS (239023)
  | 655 West Broadway, Suite 1900
5 | San Diego, CA 92101
  | Telephone: 619/231-1058
6 | 619/231-7423 (fax)
  | darrenr@csgrr.com
7 | elleng@csgrr.com
  | andrewb@csgrr.com
8 | malpert@csgrr.com
  | eniehaus@csgrr.com
9 |
  | Lead Counsel for Plaintiffs
10 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) | No. 2:07-cv-02750-CAS(SHx) **(Consolidated)** |
|---|---|---|
| Plaintiff, | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | SUMMARY NOTICE |
| OCCAM NETWORKS, INC., et al., | ) ) ) | EXHIBIT A-3 |
| Defendants. | ) ) ) | |

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED OCCAM NETWORKS, INC. ("OCCAM") COMMON STOCK DURING THE PERIOD BETWEEN APRIL 29, 2004 AND OCTOBER 15, 2007, INCLUSIVE ("CLASS PERIOD")

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Central District of California, Western Division, that a hearing will be held on _____, 2010, at __:__ __.m., before the Honorable Christina A. Snyder, United States District Judge, at the United States District Courthouse, 312 North Spring Street, Los Angeles, CA 90012, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation against the Defendants for the sum of $13,945,000 in cash, plus accrued interest, should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated November 2, 2009 (the "Stipulation"); (3) whether the Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and the reimbursement of the Lead Plaintiff's expenses incurred in connection with this Litigation should be approved.

If you purchased or acquired Occam common stock during the period beginning April 29, 2004 through and including October 15, 2007, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Occam Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2010, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Litigation whether or not you make a claim.

- 1 -

7 6

1    If you desire to be excluded from the Class, you must submit a request for

2  exclusion postmarked by _____, 2010, in the manner and form explained in

3  the detailed Notice referred to above.  All members of the Class who have not

4  requested exclusion from the Class will be bound by any judgment entered in the

5  Litigation pursuant to the Stipulation.

6    Any objection to the settlement must be mailed or delivered such that it is

7  received by each of the following no later than _____, 2010:

8          CLERK OF THE COURT
          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10         WESTERN DIVISION
          312 North Spring Street
11         Los Angeles, CA  90012

12

13         COUGHLIN STOIA GELLER RUDMAN
            & ROBBINS LLP
14         ELLEN GUSIKOFF STEWART
          655 West Broadway, Suite 1900
15         San Diego, CA  92101

16

17         Lead Counsel for Plaintiffs

18         WILSON SONSINI GOODRICH & ROSATI, P.C.
19         JEROME F. BIRN, JR.
          GREGORY L. WATTS
20         650 Page Mill Road
          Palo Alto, CA 94304-1050
21

22         GIBSON, DUNN & CRUTCHER LLP
23         SCOTT A. FINK
          555 Mission Street, Suite 3000
24         San Francisco, CA 94105-2933

25

26

27

28

77

COOLEY GODWARD KRONISH LLP
CHRISTOPHER SUNDERMEIER
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155

HAYES SCOTT BONINO ELLINGSON & MCLAY LLP
STEPHEN A. SCOTT
203 Redwood Shores Parkway, Suite 480
Redwood Shores, CA 94065

MORRISON & FOERSTER, LLP
JORDAN ETH
PHILIP T. BESIROF
TIMOTHY W. BLAKELY
425 Market Street
San Francisco, CA 94105-2482

GARRETT & TULLY
EFREN A. COMPEAN
225 South Lake Avenue, Suite 1400
Pasadena, CA  91101

Counsel for Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2009    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

S:\Settlement\Occam Networks.set\(v2) A3-00062308.doc

- 3 -

78

**EXHIBIT B**

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
ANDREW J. BROWN (160562)
MATTHEW I. ALPERT (238024)
ERIC I. NIEHAUS (239023)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
elleng@csgrr.com
andrewb@csgrr.com
malpert@csgrr.com
eniehaus@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OCCAM NETWORKS, INC., et al.,<br><br>　　　　　　　Defendants. | No. 2:07-cv-02750-CAS(SHx)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

79

1    This matter came before the Court for hearing pursuant to the Order
2  Preliminarily Approving Settlement and Providing for Notice ("Order") dated
3  _____, 2009, on the application of the parties for approval of the settlement set
4  forth in the Stipulation of Settlement dated November 2, 2009 (the "Stipulation").
5  Due and adequate notice having been given to the Class as required in said Order, and
6  the Court having considered all papers filed and proceedings had herein and otherwise
7  being fully informed in the premises and good cause appearing therefore, IT IS
8  HEREBY ORDERED, ADJUDGED AND DECREED that:

9    1.    This Judgment incorporates by reference the definitions in the
10  Stipulation, and all terms used herein shall have the same meanings as set forth in the
11  Stipulation, unless otherwise set forth herein.

12    2.    This Court has jurisdiction over the subject matter of the Litigation and
13  over all parties to the Litigation, including all members of the Class.

14    3.    The Court hereby certifies the following class for settlement purposes
15  only:

16        All Persons or entities (and their beneficiaries) who (a) purchased
17        or otherwise acquired the common stock of Occam between April 29,
18        2004 and October 15, 2007, inclusive, and/or (b) purchased during the
19        Class Period the common stock of Occam in or traceable to Occam's
20        November 2006 secondary public offering. Excluded from the Class are
21        the Defendants, members of the immediate families of the Defendants,
22        the former and current directors, officers, subsidiaries and affiliates of
23        the Defendants, as well as any person, firm, trust, corporation, officer,
24        director or other individual or entity in which any Defendant has a
25        controlling interest and the legal representatives, affiliates, heirs,
26        successors-in-interest, or assigns of any such excluded party. Also
27        excluded from the Class are those Persons who timely and validly
28        requested exclusion from the Class pursuant to the Notice of Pendency

8 0

1   and Proposed Settlement of Class Action.  (Identified on Exhibit A
2   attached hereto.)

3       4.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
4   approves the settlement set forth in the Stipulation and finds that said settlement is, in
5   all respects, fair, reasonable, and adequate to the Class.

6       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court
7   finds that the Stipulation and settlement are fair, reasonable, and adequate as to each
8   of the Settling Parties, and that the Stipulation and settlement are hereby finally
9   approved in all respects, and the Settling Parties are hereby directed to perform its
10  terms.

11      6.    Accordingly, the Court authorizes and directs implementation of all the
12  terms and provisions of the Stipulation, as well as the terms and provisions hereof.
13  The Court hereby dismisses, as to Defendants, the Litigation and all Released Claims
14  of the Class with prejudice, without costs as to any Settling Party, except as and to the
15  extent provided in the Stipulation and herein.

16      7.    Upon the Effective Date hereof, Lead Plaintiff shall, and each of the
17  Class Members shall be deemed to have, and by operation of this Judgment shall have,
18  fully, finally, and forever released, relinquished, and discharged all Released Claims
19  against the Released Persons, whether or not such Class Member executes and
20  delivers the Proof of Claim and Release.

21      8.    Upon the Effective Date hereto, each of the Defendants shall be deemed
22  to have, and by operation of this Judgment shall have, fully, finally, and forever
23  released, relinquished, and discharged Lead Plaintiff, each and all of the Class
24  Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising
25  out of, relating to, or in connection with, the institution, prosecution, assertion,
26  settlement, or resolution of the Litigation or the Released Claims.

27      9.    Lead Plaintiff, all members of the Class, the successors and assigns of
28  any of them and anyone claiming through or on behalf of any of them, are hereby

- 2 -

81

1  permanently barred, enjoined and restrained from instituting, commencing or

2  prosecuting, either directly or in any other capacity, in the Litigation or any other

3  action or proceeding any Released Claims against any of the Released Persons. The

4  Released Claims against each and all of the Released Persons shall be released and

5  dismissed with prejudice and on the merits. Nothing in this paragraph shall release

6  the Released Claims against the Released Persons of any Person who submitted a

7  timely, signed request for exclusion from the Class and who did not submit a timely,

8  signed request to revoke the prior request for exclusion ("Opt-Out Plaintiffs").

9      10.    The Notice of Pendency and Proposed Settlement of Class Action given

10  to the Class was the best notice practicable under the circumstances, including the

11  individual notice to all members of the Class who could be identified through

12  reasonable effort. Said notice provided the best notice practicable under the

13  circumstances of those proceedings and of the matters set forth therein, including the

14  proposed settlement set forth in the Stipulation, to all Persons entitled to such notice,

15  and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23,

16  §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as

17  amended including by the Private Securities Litigation Reform Act of 1995, and the

18  requirements of due process.

19      11.    Any plan of allocation submitted by Lead Counsel or any order entered

20  regarding any attorneys' fee and expense application shall in no way disturb or affect

21  this Judgment and shall be considered separate from this Judgment.

22      12.    Neither the Stipulation nor the settlement contained therein, nor any act

23  performed or document executed pursuant to or in furtherance of the Stipulation or the

24  settlement: (a) is or may be deemed to be or may be used as an admission of, or

25  evidence of, the validity of any Released Claim, or of any wrongdoing or liability of

26  Defendants or their respective Related Parties, or (b) is or may be deemed to be or

27  may be used as an admission of, or evidence of, any fault or omission of any of the

28  Defendants or their respective Related Parties in any civil, criminal, or administrative

82

1   proceeding in any court, administrative agency, or other tribunal. Defendants and/or
2   their respective Related Parties may file the Stipulation and/or the Judgment from this
3   action in any other action in which they are parties or that may be brought against
4   them in order to support a defense, claim, or counterclaim based on principles of *res*
5   *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction,
6   or any theory of claim preclusion or issue preclusion or similar defense or
7   counterclaim.

8        13.    Without affecting the finality of this Judgment in any way, this Court
9   hereby retains continuing exclusive jurisdiction over: (a) implementation of this
10  settlement and any award or distribution of the Settlement Fund, including interest
11  earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining
12  applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all
13  parties hereto for the purpose of construing, enforcing, and administering the
14  Stipulation.

15       14.    The Court finds that during the course of the Litigation, the Settling
16  Parties and their respective counsel at all times complied with the requirements of
17  Federal Rule of Civil Procedure 11.

18       15.    In the event that the settlement does not become effective in accordance
19  with the terms of the Stipulation, or the Effective Date does not occur, or in the event
20  that the Settlement Fund, or any portion thereof, is returned to Defendants, then this
21  Judgment shall be rendered null and void to the extent provided by and in accordance
22  with the Stipulation and shall be vacated and, in such event, all orders entered and
23  releases delivered in connection herewith shall be null and void to the extent provided
24  by and in accordance with the Stipulation.

25       16.    Without further order of the Court, the Settling Parties may agree to
26  reasonable extensions of time to carry out any of the provisions of the Stipulation.

27
28

-4-

83

1    17.    There is no reason for delay in the entry of this Final Judgment and Order

2  of Dismissal with Prejudice and immediate entry by the Clerk of the Court is

3  expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

4    IT IS SO ORDERED.

5
DATED: _____    _____

6                                        THE HONORABLE

7                                        CHRISTINA A. SNYDER
                                         UNITED STATES DISTRICT JUDGE
8

9  S:\Settlement\Occam Networks.set\(v2) EB-00062310.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

84