COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
ANDREW J. BROWN (160562)
MATTHEW I. ALPERT (238024)
ERIC I. NIEHAUS (239023)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
elleng@csgrr.com
andrewb@csgrr.com
malpert@csgrr.com
eniehaus@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAURI S. BATWIN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCCAM NETWORKS, INC., et al.,<br><br>Defendants. | No. 2:07-cv-02750-CAS(SHx)<br>**(Consolidated w/CV07-3226-CAS(SHx))**<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated securities class action is pending before the Court entitled *Batwin v. Occam Networks, Inc., et al.*, No. 2:07-cv-02750-CAS(SHx) ("Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated November 2, 2009 (the "Stipulation"), that has been entered into by Lead Plaintiff NECA-IBEW Pension Fund (The Decatur Plan) ("Lead Plaintiff") and Defendants Occam Networks, Inc. ("Occam"), Robert Howard-Anderson, Christopher B. Farrell,

1 | Howard Bailey, Steven M. Krausz, Robert B. Abbott, Thomas Weisel Partners LLC
2 | ("TWP"), USVP 5 Funds and USVP 7 Funds ("USVP"), Norwest Venture Partners,
3 | Norwest Venture VIII L.P. and NVP Entrepreneurs Fund VIII L.P. ("NVP"),
4 | PricewaterhouseCoopers LLP, and Singer Lewak Greenbaum & Goldstein LLP
5 | ("Singer Lewak") (the "Defendants," collectively the "Parties"), and the Court has
6 | reviewed the Stipulation and its attached Exhibits; and

7 | WHEREAS, the Parties having made application, pursuant to Federal Rule of
8 | Civil Procedure 23(e), for an order preliminarily approving the settlement of the
9 | Litigation, in accordance with the Stipulation which, together with the Exhibits
10 | annexed thereto, sets forth the terms and conditions for a proposed settlement of the
11 | Litigation and for dismissal of the Litigation with prejudice upon the terms and
12 | conditions set forth therein; and the Court having read and considered the Stipulation
13 | and the Exhibits annexed thereto; and

14 | WHEREAS, all defined terms contained herein shall have the same meanings as
15 | set forth in the Stipulation;

16 | NOW, THEREFORE, IT IS HEREBY ORDERED:

17 | 1.  The Court hereby certifies the following class for settlement purposes
18 | only:

19 | All Persons or entities (and their beneficiaries) who (a) purchased or
20 | otherwise acquired the common stock of Occam between April 29, 2004
21 | and October 15, 2007, inclusive, and/or (b) purchased during the Class
22 | Period the common stock of Occam in or traceable to Occam's
23 | November 2006 secondary public offering. Excluded from the Class are
24 | the Defendants, members of the immediate families of the Defendants,
25 | the former and current directors, officers, subsidiaries and affiliates of
26 | the Defendants, as well as any person, firm, trust, corporation, officer,
27 | director or other individual or entity in which any Defendant has a
28 | controlling interest and the legal representatives, affiliates, heirs,

successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

2. With respect to the Class, this Court finds that: (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to members of the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the respective members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court certifies NECA-IBEW Pension Fund (The Decatur Plan) as class representative for the Class. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the stipulation or such other acts that are reasonably necessary to consummate the proposed settlement set forth in the Stipulation.

4. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5. A hearing (the "Settlement Hearing") shall be held before this Court on February 22, 2010, at 10:00 a.m., at the United States District Court, Central District

of California, 312 North Spring Street, Courtroom 5, Los Angeles, California 90012, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.8 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved by the Court; to determine the amount of attorneys' fees and expenses that should be awarded to Lead Counsel; and whether the expenses of Lead Plaintiff should be reimbursed. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and Summary Notice for publication annexed as Exhibits A-1 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Order meet the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended including by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Occam shall cooperate in making Occam's transfer records and shareholder information available to the Claims Administrator no later than seven (7) days following entry of this Order for the purpose of identifying and giving notice to the Class;

(b) The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, and not later than December 8, 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice

substantially in the form annexed as Exhibit A-1 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

   (c) Not later than December 15, 2009, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

   (d) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

  8. Nominees who purchased or acquired Occam common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

  9. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

  10. Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Lead Plaintiff, and any Class Member are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

  11. Class Members who do not timely and validly effect their exclusion from the Class may complete and submit Proof of Claim and Release forms in accordance

with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

12. Any member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Defendants' counsel a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Counsel.

13. All papers in support of the settlement, Plan of Allocation, and any application by counsel for plaintiffs for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing, and all reply papers in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

14. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than February 8, 2010. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases, acquisitions, and sales of Occam common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased, acquired, and/or sold, and the price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in

this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

15. Any member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel or the expenses of Lead Plaintiff reimbursed; provided, however, that no Class Member shall be heard or entitled to contest such matters, unless that Class Member has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before February 8, 2010 by Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Wilson Sonsini Goodrich & Rosati, P.C., Jerome F. Birn, Jr., Gregory L. Watts, 650 Page Mill Road, Palo Alto, CA 94304-1050; Gibson, Dunn & Crutcher LLP, Scott A. Fink, 555 Mission Street, Suite 3000, San Francisco, CA 94105-2933; Cooley Godward Kronish LLP, Christopher Sundermeier, Five Palo Alto Square, 4th Floor, 3000 El Camino Real, Palo Alto, CA 94306-2155; Hayes Scott Bonino Ellingson & McLay LLP, Stephen A. Scott, 203 Redwood Shores Parkway, Suite 480, Redwood Shores, CA 94065; Morrison & Foerster, LLP, Jordan Eth, Philip T. Besirof, Timothy W. Blakely, 425 Market Street, San Francisco, CA 94105-2482; Garrett & Tully, Efren A. Compean, 225 South Lake Avenue, Suite 1400, Pasadena, CA 91101, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Central District of California, Western Division, on or before February 8, 2010. Any Person who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, and to the award of

attorneys' fees and expenses to counsel for the Lead Plaintiff or the expenses of Lead Plaintiff unless otherwise ordered by the Court.

16. If this settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Order, the certification of a settlement Class, and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. Neither Defendants and their Related Parties nor Defendants' counsel shall have any responsibility for any Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

19. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed from the Notice and Administration Fund pursuant to ¶¶2.6 or 2.7 of the Stipulation.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind. The Released Persons may file the

1 Stipulation and/or the Judgment in any action that may be brought against them in
2 order to support a defense or counterclaim based on principles of *res judicata*,
3 collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or
4 reduction, or any other theory of claim preclusion or issue preclusion or similar
5 defense or counterclaim.

6      21.    The Court reserves the right to adjourn the date of the Settlement Hearing
7 without further notice to the members of the Class, and retains jurisdiction to consider
8 all further applications arising out of or connected with the proposed settlement.  The
9 Court may approve the settlement, with such modifications as may be agreed to by the
10 Settling Parties, if appropriate, without further notice to the Class.

11      22.    The Court retains jurisdiction over this settlement to consider all further
12 matters arising therefrom, including enforcement of the release provided in the
13 Stipulation.

14      IT IS SO ORDERED.

16 DATED: _November 12, 2009____

17                                              THE HONORABLE
                                              CHRISTINA A. SNYDER
18                                               UNITED STATES DISTRICT JUDGE

19 C:\DOCUME~1\dscott\LOCALS~1\Temp\6\MetaSave\Proposed Preliminary Approval Order.doc